[Civ. No. 25977.  First Dist., Div. Three.  Dec. 4, 1969.]

CLAUDINE NATHAN, Plaintiff and Respondent, v.
FRENCH AMERICAN BILINGUAL SCHOOL,
Defendant and Appellant.

### COUNSEL

Vaughan, Paul & Lyons and John G. Lyons for Defendant and Appellant.

Francis C. Stockum for Plaintiff and Respondent.

### OPINION

**BROWN (H. C.), J.**—The French American Bilingual School (French School) as defendant in an action by Miss Claudine Nathan (Miss Nathan) for wrongful termination of an employment contract, petitioned the trial court for an order to compel arbitration and now appeals the trial court's denial to issue such order.

The appellant French School and respondent Miss Nathan entered into a written contract of employment dated March 15, 1966. The term was to be for two years, the salary $5,000 per year, and Miss Nathan was to devote her full time (8 a.m. to 4 p.m., five days per week) to the teaching of kindergarten, first, second or third grades, or a combination of those grades. The agreement also contained an arbitration clause in the event of any controversy arising out of the employment as follows: "4. Any controversy or claim arising out of this employment, shall be settled by arbitration of three arbitrators of whom one shall be nominated by the Consul General of France in San Francisco, the second by the President of

the Board of Trustees of the French American Bilingual School, and the third by yourself. The decision of two of the arbitrators shall be binding in accordance with California law."

Miss Nathan's employment was terminated by the French School on June 30, 1967, after the expiration of one year of the two-year contract term. Miss Nathan was orally notified of the reasons for termination in June of 1967, and by letter on September 21, 1967, as follows:

"This letter confirms the prior action of the French American Bilingual School terminating your contract of employment as a teacher, effective June 30, 1967. You were advised by Miss Jeannette Rouger, Directress, in early June, 1967, and confirmed by the undersigned on June 14, 1967, that the officers of the School with the approval of the Board of Trustees had reviewed your performance as a teacher for the academic year 1966-1967 and determined that your employment should be terminated on the date stated above. As stated to you verbally, the reasons for the termination of your employment were your proven inability to meet the professional standards required of a teacher in your position. Among other things, you proved unable to get along with the children in your class and to get them to take an interest in their work. Also, your numerous absences beyond acceptable limits caused an excessive cost to the School for substitute teachers.

"Although it is not required of the School, we are prepared to pay the cost of one way tourist air fare from San Francisco to Paris, should you desire to return to France. Accordingly, we enclose our check no. 1621 in your favor in the amount of $373.30 to cover this air fare. Your acceptance of this check constitutes a release of the School from any and all claims of every kind which you may have under your contract of employment dated March 15, 1966."

After receiving the letter of dismissal, Miss Nathan filed her complaint in the superior court in which she alleged that she was wrongfully discharged; that she was entitled to the $5,000 agreed to be paid for the second year of the contract; and that by reason of the French School's wrongful repudiation of the contract there was a waiver of the arbitration clause contained in that contract.

On January 15, 1968, the French School filed with the court a petition for order to arbitrate the dispute pursuant to paragraph four of the employment agreement. The petition for order to arbitrate was supported by an affidavit by the president of French School which, after alleging the agreement and the inability of Miss Nathan to perform her duties, also alleged, inter alia: (1) that a controversy has arisen between the French School and Miss Nathan as to whether the school acted properly in

discharging Miss Nathan from her employment under the contract; (2) that French School repeatedly advised Miss Nathan that she should start arbitration under her contract if she felt she was wrongfully discharged; (3) that the French School was prepared to appoint an arbitrator and to ask the Consul General of France in San Francisco to appoint the third qualified arbitrator pursuant to the contract; (4) that the president of French School further wrote a letter to Miss Nathan on October 23, 1967, directing her attention to the arbitration clause in the contract and expressing the readiness of French School to appoint its arbitrator as soon as Miss Nathan indicated her intention to invoke arbitration; (5) that Miss Nathan has refused and refuses to arbitrate the controversy, and (6) that French School discharged Miss Nathan in good faith under the contract, the management of French School believing that such discharge was rightful and justified.

Miss Nathan in her opposition to arbitration claimed that her employment was terminated without cause; that the contract of employment had been wrongfully repudiated, and that by reason of the dilatory tactics of the French School, arbitration should be denied.

After hearing on January 25, 1968, the trial court denied arbitration and based its decision on findings of fact and conclusions of law, those being pertinent as follows: (1) French School (appellant) has given no grounds to Miss Nathan for refusing to permit her to perform, and refused to discuss the matter with her; (2) French School made no attempt nor offer to arbitrate prior to the filing of this action; (3) French School repudiated the contract of employment, and (4) French School by its repudiation of the employment contract is estopped from invoking the arbitration clause therein and has waived any rights thereunder.

We have concluded that the trial court erred in denying the petition for an order to arbitrate.

Code of Civil Procedure section 1281.2 provides: "On petition of a party to an arbitration agreement alleging the existence of a written agreement to arbitrate a controversy and that a party thereto refuses to arbitrate such controversy, the court shall order the petitioner and the respondent to arbitrate the controversy if it determines that an agreement to arbitrate the controversy exists, unless it determines that: (a) The right to compel arbitration has been waived by the petitioner; or (b) Grounds exist for the revocation of the agreement. . . ."

A party may waive his right to arbitrate a controversy under any given contract. (*Sawday* v *Vista Irr. Dist.*, 64 Cal.2d 833, 836 [52 Cal. Rptr. 1, 415 P.2d 816]; *Grunwald-Marx, Inc.* v *Los Angeles Joint Board, Amalgamated Clothing Workers*, 192 Cal.App.2d 268, 277 [13 Cal.Rptr.

446].) However, it is a question of fact as to whether there has been a waiver, and, if there exists substantial evidence in support thereof, a finding of the trial court is binding on appeal. (*A. D. Hoppe Co.* v. *Fred Katz Constr. Co.,* 249 Cal.App.2d 154, 161 [57 Cal.Rptr. 95, 25 A.L.R.3d 1162].) The record in the instant case, however, is barren of any evidence which would substantially support the finding of the trial court that there was such a waiver by appellant. ■ A "waiver" is the "intentional relinquishment of a known right after knowledge of the facts." (*Loscalzo* v. *Federal Mut. Ins. Co.,* 228 Cal.App.2d 391, 396 [39 Cal.Rptr. 437].) ■ There are no facts in the record before us to indicate an intentional relinquishment of the French School's right to arbitrate. The record also does not support the findings of dilatory tactics.

It is true that the trial court's determination on conflicting evidence should not be disturbed on appeal, but here there is no conflict in the evidence. A controversy arose under the employment contract relating to Miss Nathan's qualifications and services which resulted in her discharge by the French School.

The declaration in support of the petition to arbitrate states: ". . . affiant [Richard Ham, president of French School] has repeatedly advised Miss Nathan that she should start arbitration under her contract if she felt she was wrongfully discharged" and French School stands ready to arbitrate.

It is well settled that it is an abuse of discretion not to stay proceedings and order arbitration unless the record establishes a waiver as a matter of law. (See *Zak* v. *State Farm etc. Ins. Co.,* 232 Cal.App.2d 500 [42 Cal.Rptr. 908]; *Loscalzo* v. *Federal Mut. Ins. Co., supra,* 228 Cal.App.2d 391; *Tas-T-Nut Co.* v. *Continental Nut Co.,* 125 Cal.App.2d 351 [270 P.2d 43].) The French School not only did not waive the right to arbitrate, but also it persisted in requesting that the arbitration procedure be followed.

We have also concluded that the French School did not repudiate the employment contract. It merely discharged appellant, as it had the inherent right to do, if the reason as given in the letter of September 21, 1967, could be substantiated. It cannot be seriously contended that the contract of employment would compel continued employment of Miss Nathan if she was proven incompetent to teach. She was engaged as a teacher of kindergarten, first, second and third grades. Failure to demonstrate that ability would constitute cause for termination if established to the satisfaction of the arbitrators. Not only did the employment contract by implication require performance up to certain standards, but also it expressly required Miss Nathan to devote 8 a.m. to 4 p.m., Mondays

through Fridays exclusively to teaching. One of the reasons for discharge was unreasonable absence from her duties.

Thus, we find, contrary to Miss Nathan's contention of repudiation, that the French School was at all times relying upon and adhering to the express terms and implied obligations arising from that contract.

We have determined, therefore, that there was neither a waiver nor repudiation of the agreement to arbitrate, and French School should be accorded that right pursuant to the plain and enequivocal terms of the contract. We do not decide whether Miss Nathan was unable to meet the standards required of a teacher in her position, or that she did not get along with her pupils, or that she unreasonably absented herself from her duties. We have determined only that these are issues coming within the definition of controversy as used in the arbitration clause of the employment contract to be considered by the arbitrators in arriving at their conclusion as to the propriety of the French School in discharging Miss Nathan.

The judgment is reversed and the matter remanded to the trial court with directions to order arbitration. Further proceedings in the action now pending before the superior court are stayed until arbitration has been completed.

Draper, P. J., and Caldecott, J., concurred.