[No. B131271. Second Dist., Div. Four. Aug. 9, 2000.]

SARAH GROOM, Plaintiff and Respondent, v.
HEALTH NET et al., Defendants and Appellants.

## COUNSEL

O'Flaherty, Cross, Martinez, Ovando & Hatton, Michael M. Martinez, Robert M. Dato; Greines, Martin, Stein & Richland, Robert A. Olson and Peter O. Israel for Defendants and Appellants.

Shernoff, Bidart, Darras & Dillon, Michael J. Bidart, David T. Bamberger and Jeffrey Isaac Ehrlich for Plaintiff and Respondent.

## OPINION

## VOGEL (C. S.), P. J.—

### INTRODUCTION

Plaintiff and respondent Sarah Groom (Groom) sued defendants and appellants Health Net and Health Systems International, Inc. (collectively Health Net) and others not party to this appeal. Groom, a subscriber to a health plan administered by Health Net, a duly organized health maintenance organization (HMO), alleges that as a result of Health Net's refusal or failure to timely provide a neurological examination, a prescription drug, and an MR angiogram and cardiac workup, Groom suffered a disabling stroke.

After demurring to Groom's original, first amended, second amended, and third amended complaints, Health Net moved to compel arbitration of the dispute pursuant to the arbitration clause contained in the health plan. (Code Civ. Proc., § 1281.2.) The trial court denied Health Net's petition to compel arbitration, concluding that Health Net waived its right to compel arbitration when it "entered the litigation arena" by demurring and waited for almost one year before "seek[ing] to remove this suit to arbitration." Health Net appeals from the order denying the petition to compel arbitration. (Code Civ. Proc., § 1294, subd. (a).)

We reverse on the ground that Health Net's participation in litigation by way of demurrers did not, in the absence of prejudice to Groom, waive Health Net's right to enforce the arbitration agreement between the parties.

### FACTUAL AND PROCEDURAL BACKGROUND

Health Net is an HMO that provides prepaid medical coverage to its subscribers. Groom became enrolled in the plan under a group agreement between Health Net and St. Anne's Maternity Home. The plan's evidence of coverage booklet provides that "[i]n the event of any dispute or controversy concerning the construction, interpretation, performance, or breach of this Evidence of Coverage arising between the Employer, a Subscriber or eligible Family Member, or the heir-at-law or personal representative of such person, as the case may be, and Health Net or any Participating Medical Group, such dispute or controversy shall be submitted to arbitration under the appropriate rules of the American Arbitration Association. . . . This binding arbitration provision does not apply to claims, disputes, or controversies relating solely to alleged professional negligence (medical malpractice)."

Groom filed her original complaint on May 20, 1996. It named Health Net and the medical corporations and doctors that actually provided medical

services to her. It alleged nine causes of action, seven against all defendants. These were: (1) medical malpractice, (2) breach of the covenant of good faith and fair dealing, (3) breach of contract, ((4) and (5) related only to the medical providers), (6) breach of fiduciary duty, (7) negligent infliction of emotional distress, (8) intentional infliction of emotional distress, and (9) unfair business practices for which injunctive and equitable relief was sought pursuant to Business and Professions Code section 17200.

Health Net demurred on grounds that: (as to 1) medical malpractice does not lie against Health Net, which is not a provider of medical services licensed to practice medicine; (as to 2) breach of the covenant of good faith and fair dealing was not set forth with sufficient specificity as to the contract obligations breached nor were facts alleged that raised tort liability as distinguished from mere breach of contract; (as to 3) breach of contract was not sufficiently described because the contract's terms were not spelled out; (as to 6) an HMO owes no fiduciary duty; (as to 7) negligent infliction of emotional distress was merely duplicative of the invalid claim of medical malpractice; (as to 8) intentional infliction of emotional distress failed for lack of sufficient factual allegations showing outrageous conduct; and (as to 9) the allegedly unlawful business practices involving the financial incentives in a typical HMO plan are expressly authorized by statute and subject to regulation only by the Commissioner of Corporations.

Pending its demurrer to the original complaint, Health Net served Groom with form interrogatories, special interrogatories, requests for admission, and requests for production of documents. However, throughout the demurrer processes, Groom never responded to these requests, and Health Net never sought to enforce them.

The trial court did not rule on Health Net's demurrer to the original complaint, because Groom filed a first amended complaint. The first amended complaint was essentially the same as the original complaint. Health Net demurred to the first amended complaint on the same grounds as before. The trial court sustained the demurrer with leave to amend.

Groom filed a second amended complaint which again was essentially similar, and Health Net demurred again. The trial court sustained the demurrer with leave to amend, but limited the leave to amend the first cause of action, ruling that Groom had leave to plead ordinary negligence against Health Net, but not medical malpractice. The court also suggested that negligent infliction of emotional distress duplicated the cause of action for negligence and was inconsistent with intentional infliction of emotional distress.

Groom filed a third amended complaint. As to Health Net or all defendants, it alleged the following causes of action: ((1) concerned only the medical providers), (2) negligence, (3) breach of the covenant of good faith and fair dealing, (4) breach of contract, ((5) concerned only the medical providers), (6) breach of fiduciary duty, ((7) was later withdrawn), (8) intentional infliction of emotional distress, and (9) injunctive and equitable relief on behalf of the general public pursuant to Business and Professions Code section 17200 to enjoin unlawful business practices in the future. The third amended complaint, for the first time, attached as an exhibit the evidence of coverage booklet.

Health Net demurred to the third amended complaint. Health Net's grounds relating to breach of fiduciary duty (6), intentional infliction of emotional distress (8), and unlawful business practices (9) were essentially the same as before. As to negligence (2), Health Net contended the allegations still amounted to a claim of medical malpractice rather than negligent denial of benefits. As to breach of the covenant of good faith and fair dealing (3) and breach of contract (4), Health Net contended that although finally the contract had been attached as an exhibit, the allegations were still too vague about the specific contractual obligations breached.

The trial court overruled the demurrers, except as to breach of fiduciary duty (6), which it sustained without leave to amend, and negligent infliction of emotional distress (7), which it sustained without leave, and which in any event Groom had withdrawn from pleading.

The ruling on the demurrer to the third amended complaint occurred on June 27, 1997. On July 25, 1997, one month after the ruling on the third amended complaint and over 11 months after Health Net was served with the original complaint, Health Net filed its petition to compel arbitration. Health Net argued that all the causes of action remaining against it arise from Health Net's contractual duties to Groom, and "the entirety of the causes of action are subject to binding arbitration pursuant to the contract between the parties herein. Plaintiff has in fact attached a copy of the agreement to her Third Amended Complaint which contains a plain, clear and enforceable arbitration clause. [¶] Based on the foregoing, Health Net herein moves to compel the remaining causes of action into arbitration pursuant to [Groom's] express written agreement to do so."

Groom filed opposition to Health Net's petition to compel arbitration. Groom argued, among other grounds for opposing arbitration, that Health Net's delay in seeking arbitration and its litigation of the demurrers waived any right to seek arbitration. The trial court initially granted Health Net's

petition. After lengthy procedural delays involving a motion for reconsideration and a writ proceeding in this appellate court to compel reconsideration, the trial court granted reconsideration and then denied the petition to compel arbitration.[1] The court's minute order states, "A review of the pleadings and documents filed herein leads this Court to conclude that the defendants have waived the arbitration process provided for in Code of Civil Procedure section 1281.2. [¶] Plaintiff commenced this suit on August 5, 1996.[2] Defendants entered the litigation arena and did not seek to remove this suit to arbitration until July 25, 1997—almost one year later . . . . [¶] It defeats the purpose of arbitration to have the parties enter the arena of litigation and joust for an extended period of time, later seeking an 'election' to abandon the contest by way of compulsory arbitration."

## DISCUSSION

██  A party to an arbitration agreement may by conduct waive its right to compel arbitration. There is no single test for the type of conduct which may waive arbitration rights, but *the conduct must have caused prejudice* to the opposing party. The California Supreme Court has summarized: "We have stressed the significance of the presence or absence of prejudice. Waiver does not occur by mere participation in litigation; there must be 'judicial *litigation* of the merits of arbitrable issues,' . . . although 'waiver could occur prior to a judgment on the merits if prejudice could be demonstrated' . . . . This result is fully consistent with federal cases which have held that 'as an abstract exercise in logic it may appear that it is inconsistent for a party to participate in a lawsuit for breach of a contract, and later to ask the court to stay that litigation pending arbitration. Yet the law is clear that such participation, standing alone, does not constitute a waiver, for there is an overriding federal policy favoring arbitration . . . . [M]ere delay in seeking a stay of the proceedings without some resultant prejudice to a party . . . cannot carry the day.' " (*Keating v. Superior Court* (1982) 31 Cal.3d 584, 605-606 [183 Cal.Rptr. 360, 645 P.2d 1192], citations omitted, overruled on other grounds in *Southland Corp. v. Keating* (1984) 465 U.S. 1 [104 S.Ct. 852, 79 L.Ed.2d 1]; *Doers v. Golden Gate Bridge etc. Dist.* (1979) 23 Cal.3d 180, 188 [151 Cal.Rptr. 837, 588 P.2d 1261].)

██  Groom erroneously claims that Health Net "litigated the merits of arbitrable issues" within the meaning of the above language. There has been

---

[1]Our opinion on the writ (*Groom v. Superior Court* (Oct. 22, 1998, B124777) [nonpub. opn.]) made clear we were not deciding the merits of the waiver issue but only "the procedural issue of the trial court's authority to reconsider when it has stated its desire to do so based on its perception of a change in the law."

[2]The original complaint was filed May 20, 1996, but not served on Health Net until August 5, 1996.

no trial and no judgment on the merits. The action is still pending; the appeal is here because an order denying a petition to compel arbitration is an appealable order. (Code Civ. Proc., § 1294, subd. (a).) Short of a final court judgment, the party opposing arbitration must demonstrate prejudice. (*Keating v. Superior Court, supra,* 31 Cal.3d at p. 605.) Groom contends Health Net litigated the merits by disposing on demurrer of two causes of action that were arbitrable, breach of fiduciary duty and negligent infliction of emotional distress. But these are merely alternative legal theories based on the same underlying facts, which have not been litigated. Furthermore, the superior court's opinion as to the legal validity of those theories will not be binding on the arbitrator. (*Titan/Value Equities Group, Inc. v. Superior Court* (1994) 29 Cal.App.4th 482, 486-489 [35 Cal.Rptr.2d 4] [trial court may not determine the status of claims to be resolved by arbitrator]; *East San Bernardino County Water Dist. v. City of San Bernardino* (1973) 33 Cal.App.3d 942, 954-955 [109 Cal.Rptr. 510] [it is for the arbitrator to determine what issues are raised by the dispute; the court's opinion is not binding on the arbitrator]; *Northcutt Lumber Co. v. Goldeen's Peninsula, Inc.* (1973) 30 Cal.App.3d 440, 445 [106 Cal.Rptr. 353] [where trial court erroneously proceeded to trial instead of ordering arbitration, arbitrator on reversal of the judgment should disregard trial court's opinion on the merits].) Although "[p]artial or piecemeal litigation of issues in dispute, through pretrial procedures, *may . . .* justify a finding of waiver," it depends on the circumstances. (*McConnell v. Merrill Lynch, Pierce, Fenner & Smith, Inc.* (1980) 105 Cal.App.3d 946, 951, 952, fn. 2 [164 Cal.Rptr. 751], italics added.) The demurrer activity in this case is not the equivalent of litigation on the merits. (*Id.* at p. 952, fn. 2 ["We want to emphasize that we are not holding that the filing of a demurrer or some other motion, in addition to the complaint or answer, is all that is required to find waiver in similar situations. The trial court must still view the litigation as a whole and determine if the parties' conduct is inconsistent with a desire to arbitrate."].)

Because there has not been litigation on the merits, Groom was required to show that she suffered prejudice from Health Net's conduct. It was her burden, a heavy one in light of public policy favoring arbitration, to establish that Health Net waived its right to arbitration. (*Keating v. Superior Court, supra,* 31 Cal.3d 584, 604-605.) The trial court's minute order does not expressly discuss any prejudice suffered by Groom. We shall assume, however, that the trial court impliedly found prejudice and we search the record for any substantial evidence to support the implied finding. (*Davis v. Continental Airlines, Inc.* (1997) 59 Cal.App.4th 205, 211, 214 [69 Cal.Rptr.2d 79]; *Sobremonte v. Superior Court* (1998) 61 Cal.App.4th 980, 991, 992 [72 Cal.Rptr.2d 43]; *Berman v. Health Net* (2000) 80 Cal.App.4th 1359, 1364-1369 [96 Cal.Rptr.2d 295].)

Several recent cases have concluded that prejudice can be established when the party seeking arbitration used *judicial discovery procedures not available in arbitration* to *obtain* discovery of the opposing party's strategies, evidence, theories, or defenses. (*Davis v. Continental Airlines, Inc., supra*, 59 Cal.App.4th at pp. 212-215; *Sobremonte v. Superior Court, supra*, 61 Cal.App.4th at p. 995; *Guess?, Inc. v. Superior Court* (2000) 79 Cal.App.4th 553, 558 [94 Cal.Rptr.2d 201]; *Berman v. Health Net, supra*, 80 Cal.App.4th at pp. 1364-1369.) These cases do not support finding prejudice in the instant case. Although Health Net propounded discovery requests, Groom did not respond to them. (See *Hall v. Nomura Securities International* (1990) 219 Cal.App.3d 43, 51 [268 Cal.Rptr. 45] [merely instituting discovery by noticing other party's deposition was not sufficient to waive right to seek arbitration].) Groom has conceded that she did not suffer prejudice from discovery requests to which she did not respond.

Groom nevertheless argues by analogy that she suffered prejudice from the demurrer process in that, "using pretrial procedures not available in arbitration," Health Net "forced Groom to articulate in detail the legal theories underlying each of her causes of action." This analogy is not persuasive. One can learn far more about an opponent's case through discovery than through demurrer. That is one of the reasons discovery procedures exist. (See *Burke v. Superior Court* (1969) 71 Cal.2d 276, 281 [78 Cal.Rptr. 481, 455 P.2d 409] [discovery serves the function of testing the pleadings, enabling a party to determine the opponent's actual contentions and the facts relied upon to support them]; *Greyhound Corp. v. Superior Court* (1961) 56 Cal.2d 355, 376 [15 Cal.Rptr. 90, 364 P.2d 266] [purposes of discovery].) In all the cases relied upon by Groom, prejudice was shown by the fact that by engaging in *discovery*, the defendant learned all the details of the plaintiff's case before demanding arbitration. (*Davis v. Continental Airlines, Inc., supra*, 59 Cal.App.4th 205, 212-215; *Sobremonte v. Superior Court, supra*, 61 Cal.App.4th 980, 996; *Guess?, Inc. v. Superior Court, supra*, 79 Cal.App.4th 553, 558; *Berman v. Health Net, supra*, 80 Cal.App.4th 1359, 1364-1369.) Groom did not suffer that type of prejudice.

Merely being forced to articulate a legal theory clear enough to withstand a demurrer is not in our opinion prejudice of which Groom may complain. The original and amended complaints filed by Groom cast a wide net of claims against multiple parties on multiple theories, some arbitrable and others expressly excluded from the arbitration agreement. It is obvious from the complaints that Groom wanted a jury trial, and it may reasonably be inferred her complaints were artfully drafted for the purpose of avoiding arbitration. The demurrer process forced Groom to clarify the nature of her claims and the parties against whom those claims were made, and to reveal

the existence of the arbitration agreement. This is not prejudice to Groom, it is a result that she could have avoided by more clear pleading in the first instance.

Groom contends that she suffered prejudice simply from the time and expense of opposing Health Net's demurrers and drafting amended pleadings. She cites dictum in the waiver cases referring to the waste of resources spent on court litigation when one party delays demanding arbitration. (*Guess?, Inc. v. Superior Court, supra*, 79 Cal.App.4th 553, 558 ["Guess has been exposed to the substantial expense of pretrial discovery and motions that would have been avoided had Kirkland timely and successfully asserted a right to arbitrate"]; *Sobremonte v. Superior Court, supra*, 61 Cal.App.4th 980, 996 ["Sobremonte and Esperidion have been further prejudiced by their now inability to take advantage of the benefits of arbitration. Arbitration is an expedient, efficient and cost-effective method to resolve disputes. If we consider the amount of time and money they have already spent in the judicial system, any benefits they may have achieved from arbitration have been lost"]; *Davis v. Continental Airlines, Inc., supra*, 59 Cal.App.4th 205, 216 ["a defendant should timely seek relief either to compel arbitration or dispose of the lawsuit[] before the parties and the court have wasted valuable resources on ordinary litigation"].)

But it is the law that "[w]aiver does not occur by mere participation in litigation." (*Keating v. Superior Court, supra*, 31 Cal.3d 584, 605.) Prejudice in the context of waiver of the right to compel arbitration normally means some impairment of the other party's ability to participate in arbitration. (See cases cited in *Davis v. Continental Airlines, Inc., supra*, 59 Cal.App.4th at pp. 214-215.) Groom cites no case that holds that the mere expense of responding to preliminary court motions, by itself, constitutes the prejudice that bars a belated petition to compel arbitration. (See *Keating v. Superior Court, supra*, 31 Cal.3d 584, 606-607 [preliminary motions relating to removal to federal court and coordination of related actions did not compel finding waiver]; *Christensen v. Dewor Developments* (1983) 33 Cal.3d 778, 782 [191 Cal.Rptr. 8, 661 P.2d 1088] [describing the motions in *Keating* as "certain preliminary skirmishes" that did not compel a finding of waiver].)

Groom contends the demurrers were unnecessary, on the ground that nothing in the original complaint prevented Health Net from promptly moving to compel arbitration instead of subjecting Groom to a series of demurrers. Health Net contends it would have been cumbersome to force Groom to clarify her claims under the procedures applicable to a petition to compel arbitration, as distinguished from demurrer. In any event, Health Net argues, the trial court's intellectual process of sorting the claims would have

been similar under either procedure, so that Groom cannot complain of being subjected to unnecessary motions.

The basic rule of *Keating v. Superior Court, supra,* 31 Cal.3d 584, 605, is that waiver does not occur by mere participation in litigation. In *McConnell v. Merrill Lynch, Pierce, Fenner & Smith, Inc., supra,* 105 Cal.App.3d 946, 952, footnote 2, the court said that the filing of a demurrer, without more, would not necessarily establish waiver of the right to compel arbitration: "The trial court must still view the litigation as a whole and determine if the parties' conduct is inconsistent with a desire to arbitrate." (See also *Gear v. Webster* (1968) 258 Cal.App.2d 57, 64 [65 Cal.Rptr. 255] ["Certainly filing a demurrer does not constitute a waiver of the right to seek affirmative relief by answer or cross-complaint after the demurrer is overruled, and neither should filing a demurrer waive the right to petition for arbitration."].)

In *Berman v. Health Net, supra,* 80 Cal.App.4th 1359, the court affirmed a finding of waiver based on the prejudice that the opposing party suffered as a result of complying with *discovery.* There had also been a stipulation between the parties that the filing of demurrers in that case by the defendant (which was Health Net) would not be considered a waiver of the right to compel arbitration. In dictum the appellate court majority opined that were it not for the stipulation, it would have found the demurrers waived the right to compel arbitration. (*Id.* at p. 1371, fn. 16 ["While the trial court did not seem troubled by the stipulation permitting Health Net to challenge the pleadings before moving to compel arbitration, we find it problematic. Were it not for the stipulation, there can be no doubt Health Net would have been found to have waived its right to compel arbitration by engaging in multiple rounds of demurrers. While the issue is not necessary to the outcome of this case, in a proper case we would be inclined to find stipulations such as the one in this case void as against public policy, because ' "The courtroom may not be used as a convenient vestibule to the arbitration hall so as to allow a party to create his own unique structure combining litigation and arbitration" ' " (quoting *Christensen v. Dewor Developments, supra,* 33 Cal.3d at p. 784).].) Since this comment in *Berman* is dictum, it is not controlling here. In any event we do not agree that the filing of a series of demurrers to a vague complaint necessarily or obviously waives the defendant's right to seek arbitration.

Although waiver is a question of fact tested on appeal under the substantial evidence rule, we find there is no substantial evidence that Groom suffered prejudice as a result of Health Net's delay in seeking arbitration. Therefore, the trial court erred in finding waiver. (*Doers v. Golden Gate Bridge etc. Dist., supra,* 23 Cal.3d 180, 185, 189.)

CONCLUSION

Since waiver was the trial court's sole ground for denying Health Net's petition to compel arbitration, we would ordinarily reverse with directions to grant the petition. Subsequent to the trial court's ruling, however, the California Supreme Court held in *Broughton v. Cigna Healthplans* (1999) 21 Cal.4th 1066 [90 Cal.Rptr.2d 334, 988 P.2d 67] that a cause of action by a plaintiff as private attorney general on behalf of the general public for injunctive relief against deceptive and misleading advertising pursuant to the Consumers Legal Remedies Acts (Civ. Code, § 1750 et seq.) is not an arbitrable claim but rather must be severed from arbitrable claims and adjudicated in a judicial forum. The same reasoning applies to Groom's cause of action on behalf of the general public to enjoin Health Net's allegedly unfair business practices pursuant to Business and Professions Code section 17200. Groom's claims for injunctive relief on behalf of the general public pursuant to Business and Professions Code section 17200 must therefore be severed from disposition of the arbitrable claims.

DISPOSITION

The order denying appellants' petition to compel arbitration is reversed with directions to enter an order compelling arbitration consistent with the views in this opinion. Costs on appeal are awarded to appellants.

Epstein, J., and Curry, J., concurred.

Appellants' petition for review by the Supreme Court was denied October 25, 2000.