125 Cal.Rptr.2d 738 (2002)
102 Cal.App.4th 647
SAINT AGNES MEDICAL CENTER, Plaintiff and Respondent,
v.
PACIFICARE OF CALIFORNIA et al., Defendants and Appellants.
No. F039699.
Court of Appeal, Fifth District.
September 30, 2002.
Review Granted January 22, 2003.
*740 Konowiecki & Rank, Peter Roan, Karen S. Fishman, Cameron H. Faber; Greines, Martin, Stein & Richland, Timothy T. Coates and Peter 0. Israel, Los Angeles, for Defendants and Appellants.
Manatt, Phelps & Phillips, Craig J. De Recat, John F. Libby, Seth A. Gold and Jeffrey J. Maurer, Los Angeles, for Plaintiff and Respondent. *739

*741 OPINION
CORNELL, J.
PacifiCare of California and SecureHorizons USA, Inc. (collectively PacifiCare) filed suit, inter alia, to declare a contract with Saint Agnes Medical Center (Saint Agnes) void ab initio. Saint Agnes responded by filing its own lawsuit seeking, in part, specific performance of the contract. PacifiCare petitioned to compel arbitration as provided in the contract. Saint Agnes objected on the basis that PacifiCare had repudiated the contract and thereby waived its right to compel arbitration. The trial court agreed with Saint Agnes. Our task is to determine whether PacifiCare's actions and Saint Agnes's response to those actions prevent PacifiCare from enforcing the arbitration provisions of the contract. We conclude that they do not and will reverse the decision of the trial court.

PROCEDURAL AND FACTUAL SUMMARY
On March 27, 2001, PacifiCare filed a lawsuit against Saint Agnes and several other defendants in Los Angeles County Superior Court (PacifiCare of California v. Priority Plus of California, Los Angeles County Superior Court case No. BC247515). PacifiCare asserted 14 causes of action, four of which were against Saint Agnes. In response to PacifiCare's suit, Saint Agnes filed its own lawsuit against PacifiCare and numerous other defendants in Fresno County Superior Court on April 10, 2001. The Saint Agnes suit asserted 11 causes of action. The eighth cause of action asserted by Saint Agnes was for specific performance of a "Health Services Agreement" entered into between Saint Agnes and PacifiCare in June 2000 (June 2000 HSA). The June 2000 HSA included an arbitration clause. In addition to filing its own lawsuit, in June 2001 Saint Agnes successfully transferred venue of the suit filed by PacifiCare to Fresno County.
Thereafter, PacifiCare sought to compel arbitration pursuant to Code of Civil Procedure section 1281.2;[1] the Federal Arbitration Act (FAA), 9 United States Code section 1 et seq.; and the June 2000 HSA. Saint Agnes opposed the motion to compel arbitration on the grounds that PacifiCare had waived its right to invoke arbitration. Specifically, Saint Agnes asserted that PacifiCare had expressly repudiated the June 2000 HSA by virtue of allegations in its complaint seeking rescission of that agreement and asserting that the agreement was void ab initio. In addition, Saint Agnes contended that it had been prejudiced by PacifiCare's delay in seeking arbitration, as it had incurred legal fees and costs with respect to the two lawsuits.
The trial court denied the petition to compel arbitration, finding that the filing of the lawsuit by PacifiCare "showfed] a clear attempt by PacifiCare to repudiate the June 2000 HSA" and that "the filing of that prior action was inconsistent with any intent to invoke arbitration." Because PacifiCare had filed suit before seeking to compel arbitration, the trial court concluded that it "may not retract its repudiation of the contract and insist on arbitration."

DISCUSSION
Section 1281.2 expressly provides that a court shall order the parties to arbitrate a dispute if it determines that an agreement to arbitrate a controversy exists, unless it determines that the right to compel arbitration has been waived by the petitioner. (§ 1281.2, subd. (a).) California has a strong public policy favoring arbitration and, in the face of conflicting authorities, *742 courts should endeavor to reach a result which comports with this strong public policy. (Doers v. Golden Gate Bridge etc. Dist. (1979) 23 Cal.3d 180, 189, 151 Cal.Rptr. 837, 588 P.2d 1261 (Doers).)

FAA
PacifiCare, in its petition to compel arbitration, asserted that the FAA applied to the June 2000 HSA. The declarations filed in support of the petition to compel arbitration stated that Saint Agnes entered into contracts with vendors operating on a national or interstate basis. These facts are sufficient to establish that the June 2000 HSA fell within the provisions of the FAA, which is to be broadly construed. (9 U.S.C.A. § 1; Warren-Guthrie v. Health Net (2000) 84 Cal. App.4th 804, 810, 101 Cal.Rptr.2d 260.)
In its opposition to the petition to compel arbitration, Saint Agnes adopted the position that the issue of whether the FAA is applicable is irrelevant because PacifiCare had waived its right to arbitration or, alternatively, that the evidence submitted by PacifiCare was insufficient to establish applicability of the FAA. Although Saint Agnes objected to some of the evidence presented by PacifiCare in support of its contention that the FAA was applicable, we can find no indication in the record that Saint Agnes obtained a ruling on the evidentiary objections. Therefore, the evidentiary objections are deemed waived and the objected-to evidence is deemed admitted. (Sharon P. v. Arman, Ltd. (1999) 21 Cal.4th 1181, 1186, fn. 1, 91 Cal.Rptr.2d 35, 989 P.2d 121.)
Saint Agnes contended that repudiation of the contract by PacifiCare constituted a waiver under the FAA, and under state law, of the right to invoke arbitration. In ruling on the petition to compel arbitration, the trial court failed to address the FAA, instead basing its ruling on state law grounds.
The FAA is a "congressional declaration of a liberal federal policy favoring arbitration agreements, notwithstanding any state substantive or procedural policies to the contrary." (Moses H. Cone Hospital v. Mercury Constr. Corp. (1983) 460 U.S. 1, 24, 103 S.Ct. 927, 74 L.Ed.2d 765.) The FAA is a substantive rule of arbitrability that applies in state court. (Thorup v. Dean Witter Reynolds, Inc. (1986) 180 Cal.App.3d 228, 233, 225 Cal. Rptr. 521.) Under the FAA, neither breach nor repudiation of the contract precludes a party from invoking the right to arbitrate. (Ericksen, Arbuthnot, McCarthy, Kearney & Walsh, Inc. v. 100 Oak Street (1983) 35 Cal.3d 312, 318, 197 Cal. Rptr. 581, 673 P.2d 251 (Ericksen et al. v. 100 Oak Street), quoting Robert Lawrence Company v. Devonshire Fabrics, Inc. (2d Cir.1959) 271 F.2d 402, 410.)
Therefore, under federal law applicable to the June 2000 HSA, PacifiCare has not waived its right to compel arbitration even if it has repudiated the contract. The FAA, however, does recognize waiver as a valid defense to a petition to compel arbitration. (Moses H. Cone Hospital v. Mercury Constr. Corp., supra, 460 U.S. at pp. 24-25,103 S.Ct. 927.)

Waiver Under State Law
The trial court found that the complaint filed by PacifiCare essentially contended that the June 2000 HSA was "invalid and unenforceable" and "signaled PacifiCare's repudiation" of the contract. Citing Bertero v. Superior Court (1963) 216 Cal.App.2d 213, 218-219, 30 Cal.Rptr. 719 (Bertero), the trial court concluded that repudiation of the contract constituted a waiver of the right to invoke arbitration. The Bertero decision, upon which the trial court relied, is not a decision that is binding upon this court. Decisions of one appellate court have no stare decisis effect, *743 and are not binding upon other appellate courts. (Henry v. Associated Indemnity Corp. (1990) 217 Cal.App.3d 1405, 1416, 266 Cal.Rptr. 578.)
The Bertero court stated the facts of that case as "an unqualified assertion by one party that the agreement is invalid; an action brought by the other party for a declaration that the contract is valid; and a subsequent demand by the former for arbitration under the agreement." (Bertero, supra, 216 Cal.App.2d at p. 219, 30 Cal.Rptr. 719.) Under these facts, and the then current state of the law, Bertero held there had been a valid waiver of the right to arbitrate. (Id. at p. 221, 30 Cal.Rptr. 719.)
Saint Agnes argued, and Bertero held, that a repudiation of the entire contract constituted a waiver and any action by the other party in reliance on that waiver, such as the filing of a lawsuit, perfects the waiver and prevents a retraction. (Bertero, supra, 216 Cal.App.2d at p. 219, 30 CalRptr. 719.) Subsequent to the decision in Bertero, the law has evolved and both the FAA and the California Supreme Court have determined that repudiation alone is insufficient to constitute a waiver; there must be prejudice.
PacifiCare's act of repudiation was the filing of a lawsuit seeking to declare the June 2000 HSA null and void because of the failure of a condition subsequent. But PacifiCare's action of filing a lawsuit is not sufficient to prevent it from invoking the right to compel arbitration. The right to compel arbitration is not waived by filing a lawsuit. The California Supreme Court held in 1983 "that it is the judicial litigation of the merits of arbitrable issues which waives a party's right to arbitration," not the mere filing of the lawsuit. (Doers, supra, 23 Cal.3d at p. 188, 151 Cal.Rptr. 837, 588 P.2d 1261.) Neither PacifiCare nor Saint Agnes contends that the arbitrable issues have been litigated on the merits.
Furthermore, under the FAA, repudiation is not in and of itself a basis for finding a waiver of the right to compel arbitration. (Ericksen et al. v. 100 Oak Street, supra, 35 Cal.3d at p. 318, 197 Cal.Rptr. 581, 673 P.2d 251.) The California Supreme Court has determined that section 2 of the FAA (9 U.S.CA. § 2) is substantially similar to California's statute (§ 1281.2) and that the two statutes should not be given a "different construction." (Ericksen et al. v. 100 Oak Street, supra, 35 Cal.3d at p. 318, fn. 3, 197 Cal.Rptr. 581, 673 P.2d 251.) Therefore, under section 1281.2, repudiation should not constitute a waiver of the right to compel arbitration.
In light of the California Supreme Court's decision in 1983 in Ericksen et al. v. 100, 197 Cal.Rptr. 581, 673 P.2d 251 Oak Street, 20 years after Bertero was decided, that section 1281.2 and section 2 of the FAA should be given similar interpretations, and because under the FAA repudiation is not a waiver, it would appear that regardless of whether the FAA is applicable to a contract, repudiation in and of itself does not constitute a waiver under section 1281.2. This principle, combined with the strong federal and state public policies in favor of arbitration, leads us to conclude that the holding in Bertero is not reflective of the current state of the law. Thus, even if the FAA is not applicable to the June 2000 HSA, the holding in Bertero that repudiation in and of itself constitutes a waiver of the right to invoke arbitration is no longer valid.
Because neither repudiation nor filing a lawsuit prevents PacifiCare from invoking the right to compel arbitration, as a matter of law these actions do not constitute a waiver. Waiver of a contractual *744 right to arbitration is ordinarily a question of fact to be decided by the trial court; however, where the record establishes a lack of waiver as a matter of law, this court may reverse a finding of waiver. (Doers, supra, 23 Cal.3d at p. 185, 151 Cal.Rptr. 837, 588 P.2d 1261.)
It is an abuse of the trial court's discretion not to stay proceedings and order arbitration unless the record establishes waiver as a matter of law. (Nathan v. French American Bilingual School (1969) 2 Cal.App.3d 279, 283, 82 Cal.Rptr. 605.)
It is Saint Agnes who has the burden of establishing that the right to arbitration was repudiated and that Saint Agnes has been prejudiced by any delay in seeking to compel arbitration. (Martinez v. Scott Specialty Gases, Inc. (2000) 83 Cal.App.4th 1236, 1250, 100 Cal.Rptr.2d 403.) It is the presence of prejudice from the litigation of the dispute that must be established, such as litigation of arbitrable issues to judgment on the merits. (Doers, supra, 23 Cal.3d at pp. 188, fn. 3, 151 Cal.Rptr. 837, 588 P.2d 1261.)
While it is possible to establish prejudice prior to judgment on the merits, the right to invoke arbitration survives the use of provisional legal remedies. (Ross v. Blanchard (1967) 251 Cal.App.2d 739, 744, 59 Cal.Rptr. 783 [filing of suit to foreclose mechanic's lien does not constitute a waiver of right to arbitrate]; Gear v. Webster (1968) 258 Cal.App.2d 57, 64, 65 Cal.Rptr. 255 [right to compel arbitration survives the filing of a demurrer].) In addition, the prejudice that must be established is more than the incurring of court costs and legal expenses; the prejudice must relate to an impairment of the ability to proceed through arbitration. (See Thorup v. Dean Witter Reynolds, Inc., supra, 180 Cal. App.3d at p. 237, 225 Cal.Rptr. 521.) Engaging in extensive discovery processes that are not available through arbitration and thereby obtaining information regarding the other party's position and strategy constitutes prejudice to that party; the court costs and legal expenses of responding to discovery is not prejudice. (Davis v. Continental Airlines, Inc. (1997) 59 Cal. App.4th 205, 215, 69 Cal.Rptr.2d 79; Hall v. Nomura Securities International (1990) 219 Cal.App.3d 43, 51, 268 Cal.Rptr. 45 [initiating discovery by noticing depositions is not a waiver].) Being forced to articulate legal theories, by way of responding to demurrers or other motions, is not prejudice of the type that prevents a later invocation of the right to compel arbitration. (Groom v. Health Net (2000) 82 Cal.App.4th 1189, 1196, 98 Cal.Rptr.2d 836.)
The mere expense of responding to motions or other preliminary pleadings filed in court is not the type of prejudice that bars a belated petition to compel arbitration. (Groom v. Health Net, supra, 82 Cal.App.4th at p. 1197, 98 Cal.Rptr.2d 836.) Here, PacifiCare moved to compel arbitration a mere four months after the initial complaint was filed, before any discovery took place, and prior to any adjudication of arbitrable issues on the merits. The only legal proceedings have been preliminarymotions for change of venue, writs, demurrers, and the petition to compel arbitration. The only prejudice asserted by Saint Agnes in opposition to the petition to compel arbitration was the incurring of legal fees and costs. As a matter of law, the court costs and legal fees incurred by Saint Agnes in responding to, or initiating, these actions do not constitute prejudice. (Ibid.)

Conclusion
The record does not establish that as a matter of law, PacifiCare waived its right to compel arbitration. The trial court therefore abused its discretion when it *745 failed to stay proceedings and order arbitration. (Nathan v. French American Bilingual School, supra, 2 Cal.App.3d at p. 283, 82 Cal.Rptr. 605.)

DISPOSITION
The trial court's order denying Pacifi-Care's petition to compel arbitration, filed October 22, 2001, is reversed with directions to grant the petition. (Groom v. Health Net, supra, 82 Cal.App.4th at p. 1199, 98 Cal.Rptr.2d 836.) Costs are awarded to PacifiCare.
WE CONCUR: DIBIASO, Acting P.J., and BUCKLEY, J.
NOTES
[1] References to code sections are to the Code of Civil Procedure unless otherwise noted.