[No. B100718. Second Dist., Div. Four. Nov. 17, 1997.]

ALSENIA DAVIS, Plaintiff and Respondent, v.
CONTINENTAL AIRLINES, INC., et al., Defendants and Appellants.

Counsel

Steven Drapkin, Lee W. Rierson, Krakow & Kaplan and Steven J. Kaplan for Defendants and Appellants.

Margaret S. Henry and Judith K. Williams for Plaintiff and Respondent.

## Opinion

### VOGEL (C. S.), P. J.—

#### Introduction

Defendants and appellants Continental Airlines, Inc., and Nathaniel Griffin appeal (Code Civ. Proc., § 1294, subd. (a)) from an order denying their motion to compel arbitration of plaintiff and respondent Alsenia Davis's complaint for sexual harassment in employment brought under the California Fair Employment and Housing Act (FEHA, Gov. Code, §§ 12900 and 12940 et seq.) with additional contract and tort causes of action. According to the complaint, plaintiff, a female skycap, was sexually harassed verbally and physically by defendant Griffin, a male skycap in a supervisory position.

Defendants contend plaintiff must resolve her dispute by means of the steps in a company "appeal procedure" specified in an employee handbook. The trial court denied defendants' motion to compel arbitration, on the alternative grounds that (1) the employee handbook does not set forth a mandatory agreed procedure as an alternative to court litigation, and (2) defendants waived any right to compel arbitration, by unreasonably delaying their motion until after obtaining extensive discovery from plaintiff. We affirm the order on the ground defendants have waived any right to compel arbitration. We need not decide, therefore, whether the employee handbook sets forth a binding agreement to arbitrate.

#### Factual and Procedural Background

According to the complaint, defendant Griffin was a "lead" skycap in a supervisory position over plaintiff, and over a period of several years he

subjected plaintiff to escalating sexual harassment, from verbal remarks about his sexual desire for her, to handwritten notes, to physically rubbing against her buttocks and grabbing her breast. Plaintiff alleged that defendant Continental failed to take effective action to control Griffin's conduct despite plaintiff's complaints, and that plaintiff suffered retaliation from Griffin and other skycaps for having complained.

Plaintiff filed her complaint on January 24, 1995, and served it on defendants in March 1995 (on Griffin March 14 and on Continental March 24). Following a stipulated extension of time to answer, defendants answered the complaint on May 30, 1995. Although each defendant's answer alleged, among other affirmative defenses, that plaintiff's action was barred for her failure to have pursued "binding internal grievance procedures" (Continental's answer) or "contractual requirements that plaintiff submit her dispute to arbitration" (Griffin's answer), defendants did not promptly demand arbitration. Not until November 22, 1995, did defendants move to stay the action (Code Civ. Proc., § 1281.4) pending determination of their forthcoming motion to compel arbitration, which they did not file until January 3, 1996, following plaintiff's December 4, 1995, stipulation for a stay.

Prior to seeking a stay or petitioning to compel arbitration, defendants served plaintiff with a discovery demand for, and obtained by August 1, 1995, documents in 86 categories totaling 1,600 pages and took plaintiff's videotaped deposition for 2 days on August 15 and 16, 1995, which produced a 410-page deposition transcript. Plaintiff also agreed in the December 4, 1995, stipulation to respond to defendant Griffin's interrogatories by December 8, 1995. Griffin responded to plaintiff's interrogatories and request for documents in August 1995. The December 4, 1995, stipulation permitted plaintiff to take the deposition of Jesse Saenzpardo (whose relevance as a witness is not clear from the record) no later than January 30, 1996.

In their motion to compel "arbitration" filed January 3, 1996, defendants contended plaintiff was required to resolve her dispute in the manner specified in an employee handbook.[1] According to defendants, the employee handbook sets forth a procedure for resolving "disagreements regarding the proper application of Company policy or disciplinary action," which plaintiff had agreed to follow by virtue of her signed employment application which included her agreement to "comply with all rules and regulations of Continental Air Lines, Inc., [and] to acquaint myself with Company policy and abide thereby." The "Appeal Procedure" section of the manual contains an

---

[1] The prayer for relief in this motion sought an order that plaintiff submit all her claims "for resolution pursuant to the terms of the Appeal Procedure" in the employee handbook.

introduction which states, "Continental is fully committed to its open door policy. Employees at all levels are urged to discuss problems or disagreements regarding the proper application of Company policy or disciplinary action with their supervisor. [¶] . . . Should this discussion fail to resolve the issue, employees are encouraged, but not required, to bring it to the attention of the next level of supervision. If the issue is not resolved in this process employees may appeal using Continental's Non-Management Appeal Procedure." There follows a description of a three-step appeal procedure. Step 1 is initiated by a written request from the employee to the department director and employee relations manager within 10 days. A hearing manager is appointed to hear the matter within 15 days at an informal hearing and to issue a written decision within 10 days after the hearing. Step 2 is initiated by a written request from the employee to the regional vice-president and employee relations manager within 10 days after receipt of the results of the step 1 hearing. A "divisional board," which consists of "two employees appointed by the Company and two selected from a list supplied by the employee council," conducts an informal hearing and issues a written decision within 10 days after the hearing which "is final and binding on all parties." Step 3 is available only if the step 2 board fails to reach a majority decision or fails to conduct a hearing within 60 days of the employee's request and the employee is dissatisfied with the delay. In step 3 "Employee Relations will submit a list of three outside arbitrators. The employee will choose the arbitrator to hear the appeal." "The decision of the arbitrator is final and binding." In describing "employee preparation and presentation," the manual states, "Employees must submit appeals as specified in the Appeal Step 1 and Step 2 Procedures detailed above. Employees must comply with the specified time limits."

In support of their motion defendants contended the employee handbook sets forth a binding procedure for arbitration of disputes. They contended plaintiff was bound by it because of her signed employment application and her receipt of the handbook, and because on two prior occasions plaintiff had herself invoked the procedures to protest disciplinary letters in her personnel file and sexual harassment by another employee. As evidence, defendants relied both upon (1) the declaration of field human resource manager Donna Towle based upon personal knowledge of company procedures, company files, and documents obtained from plaintiff and (2) statements in plaintiff's deposition acknowledging her signature on the employment application, her receipt of a copy of the handbook, and her prior two invocations of the procedure.

In opposition to the motion, plaintiff argued (1) defendants waived the right to compel arbitration by their conduct after the filing of plaintiff's

complaint, (2) plaintiff never explicitly waived her right to a jury trial, (3) the handbook procedure is not mandatory, and (4) public policy prohibits subjecting plaintiff's statutory causes of action to mandatory arbitration. Plaintiff relied on her attorney's declaration concerning the extensive discovery defendants conducted before they filed a motion to compel arbitration and on plaintiff's declaration that she did not use the appeal procedure in this case because she did not think she was required to do so.

In reply, defendants argued (1) they did not waive the right to compel arbitration, because they timely raised it as an affirmative defense in their answers to the complaint and their subsequent conduct did not waive it, (2) an express waiver of jury trial was not essential to plaintiff's agreement to arbitrate, (3) the appeal procedure should properly be interpreted to require binding arbitration despite its introductory language suggesting voluntariness and its use of the word "may" in reference to appeal, and (4) the FEHA does not prohibit an agreement to arbitrate claims arising under it.

The motion was argued at a hearing held February 14, 1996. After submission of the matter the court denied defendants' motion. The court's minute order states, "the Court finds that based upon the facts submitted and understood by the Court, plaintiff had no mandatory obligation to utilize Continental's appeal procedure. Furthermore, the Court finds that defendants by their untimely assertion, other than by an affirmative defense, of any claimed right to arbitration have waived it."

The court's oral remarks at the hearing suggest its reasoning. First, the court believed that the language of the manual would not suggest to a layperson such as plaintiff that the procedure was mandatory. Second, the court was very disturbed by defendants' behavior of waiting for many months to bring their motion. Although defendants set up an affirmative defense in their answers filed in May 1995, they sat on that defense and conducted discovery before bringing their motion months later. The court hinted it believed defendants' tactics were "dilatory." Continental's attorney responded by claiming that the discovery he conducted "ascertained such things as the plaintiff being familiar with the procedure, using the procedure, having received the procedure." He argued that discovery is allowable in a "special proceeding" (Code Civ. Proc., § 2016, subd. (b)(1)), that a petition to compel arbitration is a special proceeding (*Lachkar* v. *Lachkar* (1986) 182 Cal.App.3d 641, 646 [227 Cal.Rptr. 501]), and that it should not matter that he conducted discovery before initiating such a special proceeding. The court questioned that reasoning, commenting, "[Discovery in a special proceeding] would be discretionary with the court." Continental's counsel replied that he would be absolutely entitled to conduct discovery "if I

initiated [a proceeding to compel arbitration] and said, 'I am taking discovery specifically with respect to this pending petition and I want to establish that the plaintiff received the procedure, authenticates the signature, [and used] the procedure . . . .' "

## DISCUSSION

■ A right to compel arbitration may be waived. Under Code of Civil Procedure section 1281.2, subdivision (a), the trial court may deny a petition to compel arbitration if it finds the moving party has waived the right.

The applicable standard of review is summarized in *Christensen* v. *Dewor Developments* (1983) 33 Cal.3d 778, 781-782 [191 Cal.Rptr. 8, 661 P.2d 1088] (which affirmed a trial court's finding of waiver): Although the burden of proof is heavy on the party seeking to establish waiver, which should not lightly be inferred in light of public policy favoring arbitration, a determination by a trial court that the right to compel arbitration has been waived ordinarily involves a question of fact, which is binding on the appellate court if supported by substantial evidence. The appellate court may not reverse the trial court's finding of waiver unless the record as a matter of law compels finding nonwaiver. (*Ibid.*, citing *Keating* v. *Superior Court* (1982) 31 Cal.3d 584, 605 [183 Cal.Rptr. 360, 645 P.2d 1192] [which affirmed, based on the facts of the case, a trial court's finding of nonwaiver], and *Doers* v. *Golden Gate Bridge etc. Dist.* (1979) 23 Cal.3d 180, 185 [151 Cal.Rptr. 837, 588 P.2d 1261] [which reversed a trial court's finding of waiver, holding as a matter of law that the mere filing of a complaint by the plaintiff did not by itself necessarily waive the plaintiff's right to compel arbitration].) Defendants claim that in the present case the facts are "undisputed" and therefore we are free to substitute our view for that of the trial court. We do not agree. If more than one reasonable inference may be drawn from undisputed facts, the substantial evidence rule requires indulging the inferences favorable to the trial court's judgment. (*Rivard* v. *Board of Pension Commissioners* (1985) 164 Cal.App.3d 405, 412-413 [210 Cal.Rptr. 509]; 9 Witkin, Cal. Procedure (4th ed. 1997) Appeal, § 370, pp. 420-421.)

■ As explained *post*, we find reasonable inferences concerning the extent and consequences of the discovery obtained by defendants support the trial court's finding of waiver.

■ There is no single test for waiver of the right to compel arbitration, but waiver may be found where the party seeking arbitration has (1) previously taken steps inconsistent with an intent to invoke arbitration, (2) unreasonably delayed in seeking arbitration, or (3) acted in bad faith or with

willful misconduct. (*Christensen* v. *Dewor Developments, supra*, 33 Cal.3d at p. 782, citing *Keating* v. *Superior Court, supra*, 31 Cal.3d at p. 605.) The moving party's mere participation in litigation is not enough; the party who seeks to establish waiver must show that some prejudice has resulted from the other party's delay in seeking arbitration. (*Keating* v. *Superior Court, supra*, at pp. 605-606.)

*Christensen* is highly instructive because it involves the use of discovery in court proceedings to obtain an unfair advantage relevant to arbitration. There the plaintiffs filed a complaint on a construction contract which contained an arbitration clause. They litigated that complaint through a demurrer and filing of a first amended complaint, for the express purpose of using the court proceedings to " 'obtain from the defendants an answer and affirmative defenses so that [plaintiffs] could have some feel for what the Defendants' position would be at arbitration . . . .' " (33 Cal.3d at p. 781.) The Supreme Court affirmed the trial court's finding that the plaintiffs waived the right to compel arbitration, because plaintiffs "filed their superior court action only to obtain a set of verified pleadings from defendants which would reveal their opponents' legal strategies and theories." (*Id.* at p. 783.) Noting that discovery is not ordinarily available in arbitration (*id.* at p. 783, fn. 1; *Brock* v. *Kaiser Foundation Hospitals* (1992) 10 Cal.App.4th 1790, 1802 [13 Cal.Rptr.2d 678]), the Supreme Court said, "Such procedural gamesmanship provides ample support for the trial judge's conclusion that plaintiffs filed their action in bad faith, and by doing so waived their right to arbitrate. 'The courtroom may not be used as a convenient vestibule to the arbitration hall so as to allow a party to create his own unique structure combining litigation and arbitration.' " (*Christensen* v. *Dewor Developments, supra*, 33 Cal.3d at p. 784.)

*Christensen* was cited and followed in *Kaneko Ford Design* v. *Citipark, Inc.* (1988) 202 Cal.App.3d 1220, 1228-1229 [249 Cal.Rptr. 544], where the plaintiff filed an application for stay of arbitration at the same time as its complaint for a mechanic's lien, but did nothing to implement that application for over five months, during which it "participated in settlement negotiations with Citipark, did not notify Citipark that it intended to seek arbitration, and also obtained information as to the legal strategies of Citipark by means of the latter's answer to the complaint. . . . This type of conduct is condemned by the *Christensen* court. [Citation.] Prejudice accrued to Citipark from such delay in the forms of time and effort spent, legal expenses and costs incurred, *and the disclosure of its defenses and strategies to Kaneko*." (Italics added.)

 *Christensen* differs from the instant case in several facts (there it was the plaintiffs who were held to have waived arbitration, here it is

defendants; there the plaintiffs brazenly admitted their intent to use the court proceedings to gain discovery not obtainable in arbitration, here defendants denied it but were disbelieved by the trial court), but *Christensen*'s rationale persuasively supports the trial court's finding of waiver. Although defendants here raised the arbitration/grievance issue, among many others, in their answers to plaintiff's complaint, they did nothing to bring about arbitration for approximately six months. In the meantime they used court discovery procedures to obtain 1,600 pages of documents from plaintiff in 86 categories and to take plaintiff's 2-day, 410-page videotaped deposition. The trial court could reasonably infer from these facts that defendants unreasonably delayed their motion to compel arbitration in order to take advantage of court discovery procedures to learn plaintiff's strategies, evidence, and witnesses and to pin plaintiff down to a particular version of the facts. Continental's counsel's characterization of the discovery was contradicted by plaintiff's counsel. (See fn. 2, *post.*) The conflicting inferences were for the trial court to resolve, and the record amply supports the trial court's implied rejection of defense counsel's claim.

Defense counsel claimed that "much" of the discovery "was designed to prove [plaintiff's] agreement to arbitrate," such as the facts that plaintiff admitted signing her employment application, admitted receiving a copy of the employee handbook, and admitted having invoked the company appeal procedure on prior occasions. Defense counsel argued such limited discovery could have been permitted in a special proceeding to compel arbitration (Code Civ. Proc., § 2016, subd. (b)(1)) and therefore the court should not hold it against defendants that they sought such information before moving to compel arbitration.

The trial court was entitled to reject this claim. First, having been informed that defendants obtained 1,600 pages of documents from plaintiff and took plaintiff's videotaped deposition for 2 days, producing a 410-page transcript, the court could disbelieve that the defendants' discovery was narrowly relevant to a special proceeding to compel arbitration, as distinguished from the broad-ranging discovery typically undertaken in court litigation and not available in arbitration. Second, from the nature of the information alleged in support of the belated motion to compel arbitration, the court could infer that the extensive discovery undertaken was not necessary for this asserted limited purpose. Evidence of plaintiff's employment application, plaintiff's presumed receipt of the handbook pursuant to standard company procedure, and plaintiff's prior written invocations of the appeal procedure were all presumably available to defendants from company

records, without discovery from plaintiff, as impliedly revealed by defendants' reliance in their motion on the declaration of field human resource manager Donna Towle. Finally, the parties have stipulated to inclusion of the entire deposition transcript in the record on appeal, and that transcript confirms, as claimed by plaintiff's counsel in the trial court hearing, that only a very small portion of the deposition was devoted to discovery of evidence limited to the issue of the right to compel arbitration.[2] The deposition covered typical broad-ranging issues such as plaintiff's attitude toward vulgar remarks and how she handled them, the details of defendant Griffin's alleged sexual harassment of plaintiff, details of alleged sexual harassment by other employees, the extent to which Griffin was a supervisor of plaintiff, and economic and emotional distress damages. The record amply supports the trial court's implied rejection of defendants' implication that they conducted limited discovery of the type which might have been permissible in a special proceeding to compel arbitration.

Given its implied finding that defendants engaged in extensive discovery from plaintiff before moving to compel arbitration, the trial court could properly find defendants waived arbitration. Defendants contend that even if they did obtain discovery, plaintiff has not shown "prejudice" and therefore defendants cannot be found to have waived arbitration. Defendants contend it is not enough that plaintiff has suffered certain court costs or legal expenses; rather, plaintiff must show either that defendants actually "litigated" the case before moving to compel arbitration, or that plaintiff has suffered a specific type of prejudice affecting plaintiff's ability to arbitrate, for example faded recollection of witnesses due to defendants' delay. (See *Thorup* v. *Dean Witter Reynolds, Inc.* (1986) 180 Cal.App.3d 228, 237 [225 Cal.Rptr. 521] [motion by employer to compel arbitration of plaintiff's wrongful termination lawsuit; held, the loss of plaintiff's employment is not by itself the prejudice sufficient to show waiver of employer's right to arbitrate; " 'Prejudice' in the present context obviously relates to a diminution or impairment of plaintiff's ability to proceed to arbitration"]; *Doers* v. *Golden Gate Bridge etc. Dist., supra,* 23 Cal.3d 180, 188 & fn. 3 [right to arbitrate may be waived by having actually litigated in court to a judgment

---

[2]Plaintiff's counsel told the trial court, ". . . it was a two-day deposition. The time spent on the issues relative to whether she had—she had received an—a grievance procedure took [a] maximum [of] one hour. It's clear that the reasons the deposition were [*sic*] taken was that they were hoping they could get enough to file a summary judgment motion. They didn't. When they figured out they couldn't file a summary judgment motion, then they turned to the alternative of going back to the other procedure. If they had started with the arbitration procedures under the . . . Code of Civil Procedure, they might have been able to take depositions. They would have been able to take depositions but only to that limited issue of whether she understood the—or whether she received the grievance procedure. They couldn't have gone into everything else they went into."

on the merits, or prejudice might also be shown by events occurring prior to a court judgment on the merits]; *Christensen* v. *Dewor Developments, supra,* 33 Cal.3d 778, 784 [trial court's finding of waiver affirmed where delay in seeking arbitration resulted in "faded memories and lost records"]; cf. *Keating* v. *Superior Court, supra,* 31 Cal.3d 584, 608 [affirming trial court's finding of nonwaiver where, although the party seeking arbitration had engaged in some discovery (described later in *Christensen, supra,* 33 Cal.3d at p. 782 as a "preliminary skirmish"), the extent of discovery was reciprocal and the opposing parties made no "specific claims of prejudice"].)

There is more prejudice in the present case than plaintiff's mere incurring of court costs or legal expenses. The vice involved here, whether character-ized as "unreasonable delay," "bad faith misconduct," "gamesmanship" or "unilateral discovery" (all are words mentioned in *Christensen*) is that defendants used the discovery processes of the court to gain information about plaintiff's case which defendants could not have gained in arbitration. After obtaining discovery from plaintiff by court processes, defendants then belatedly sought to change the game to arbitration, where plaintiff would not have equivalent discovery rights. (*Brock* v. *Kaiser Foundation Hospitals, supra,* 10 Cal.App.4th at p. 1802 & fn. 10.) *Kaneko Ford Design* v. *Citipark, Inc., supra,* 202 Cal.App.3d 1220, 1229, held that disclosure of defenses and strategies is a prejudice which accrues in such circumstances. *Kaneko* was followed on this point in *Zimmerman* v. *Drexel Burnham Lambert Inc.* (1988) 205 Cal.App.3d 153, 159-160 [252 Cal.Rptr. 115], which affirmed a trial court's finding of waiver where the defendants engaged in extensive discov-ery. The court stated, "Prejudice . . . results from the disclosure of defenses and strategies." Although defendants' participation in discovery would not necessarily *compel* a finding of prejudice and waiver (*Keating* v. *Superior Court, supra,* 31 Cal.3d at p. 607), this presents a factual question for the trial court based on the particular circumstances of the case. (*Id.* at pp. 605-608 [affirming *trial court's finding* of nonwaiver, where, in the class action there was limited discovery which benefited the opposing party, and in the individual actions there was reciprocal discovery and the trial court established conditions to prevent the moving party from taking unfair advan-tage of previous discovery].) Here, the trial court could reasonably find the discovery conducted was not equivalent for both sides and would work an unfair advantage for defendants if arbitration were ordered. These facts support the trial court's finding of waiver. (*Christensen* v. *Dewor Develop-ments, supra,* 33 Cal.3d at pp. 783-784; *Kaneko Ford Design* v. *Citipark, Inc., supra,* 202 Cal.App.3d at p. 1229; *Zimmerman* v. *Drexel Burham Lambert Inc., supra,* 205 Cal.App.3d at pp. 159-160.)

Defendants claim that because they raised the arbitration/grievance issue as an affirmative defense in their answers, they cannot possibly be held to

have waived arbitration, no matter what their conduct subsequent to filing their answers. This argument is not persuasive and is not supported by the authorities defendants cite.

Primarily defendants rely on *Charles J. Rounds Co.* v. *Joint Council of Teamsters No. 42* (1971) 4 Cal.3d 888 [95 Cal.Rptr. 53, 484 P.2d 1397] (hereafter *Rounds*), which they claim stands for the proposition (defendants' words) "that a defendant precludes any possibility of waiver of the right to enforce an arbitration agreement if it appropriately raises arbitrability in its answer." Defendants misinterpret the significance of *Rounds*. In *Rounds* the trial court *dismissed the action* at trial on the ground that compliance with an agreed grievance procedure was a *condition precedent* to bringing suit on a collective bargaining agreement. The issue on appeal was whether the trial court could dismiss the action or instead should have stayed the action pending an arbitration. (*Id.* at p. 894.) Based on prior case law and subsequent statutory enactments, the Supreme Court held those procedures were *alternative remedies* which a defendant could *elect*. (*Id.* at pp. 894-899.) The Supreme Court concluded, ". . . where the only issue litigated is covered by the arbitration clause, and where plaintiff has not pursued or attempted to pursue his arbitration remedy, it should be held that (1) plaintiff has impliedly waived his right to arbitrate, such that *defendant could elect to submit the matter to the jurisdiction of the court*; (2) *defendant may also elect to demur or move for summary judgment on the ground that the plaintiff has failed to exhaust arbitration remedies*; and (3) *defendant may also elect to move for a stay of proceedings pending arbitration if defendant also moves to compel arbitration*."[3] (*Id.* at p. 899, italics added.) Thus a defendant who believes the plaintiff's claims are subject to arbitration may seek to compel such arbitration (type 3) or seek a summary disposition of the lawsuit on the ground the plaintiff failed to satisfy a condition precedent (type 2); otherwise the defendant may be deemed to have submitted the dispute to the jurisdiction of the court (type 1). Implicit in *Rounds*'s approval of summary procedures such as demurrer or summary judgment is that a defendant should timely seek relief either to compel arbitration or dispose of the lawsuit, before the parties and the court have wasted valuable resources on ordinary litigation. On the other hand, *Keating* v. *Superior Court, supra*, 31 Cal.3d at page 605, tells us that mere participation in some litigation, without prejudice to the opposing party, does not establish waiver of arbitration.

---

[3]If, however, the plaintiff has attempted to exhaust its arbitration remedy or plaintiff's complaint raises some issues not susceptible to arbitration, the defendant may not merely assert failure to arbitrate as an affirmative defense but must seek a stay and demand arbitration. (*Rounds, supra*, 4 Cal.3d at p. 899.)

*Rounds* itself, and *International Assn. of Bridge etc. Workers* v. *Superior Court* (1978) 80 Cal.App.3d 346 [145 Cal.Rptr. 592], also cited by defendants, were type 2 cases where the defendant did not seek to compel arbitration but only to secure a dismissal of the lawsuit. In that context those cases held that the defendant, having pleaded the affirmative defense, did not in the particular circumstances waive the right to seek a dismissal of the lawsuit.

The instant case, however, is type 3. Although defendants pleaded an affirmative defense in their answers, defendants subsequently elected their *Rounds* remedy when they moved to stay the action and to compel arbitration. Plaintiff's opposition to defendants' motion squarely raised for the trial court the issue whether defendants waived the right to compel arbitration based on the extensive discovery defendants conducted before bringing their motion. The fact that defendants had pleaded an affirmative defense in their answers became, at that point, merely one factor for the trial court to consider. (E.g., *Gunderson* v. *Superior Court* (1975) 46 Cal.App.3d 138, 144 [120 Cal.Rptr. 35], also cited by defendants [motion to compel arbitration must be denied where defendant not only failed to plead the arbitration clause in the answer but also delayed seeking to compel arbitration and conducted itself in a manner clearly inconsistent with intent to arbitrate].) Contrary to defendants' contention, their pleaded answers did not preclude finding that by their subsequent conduct of this litigation defendants waived the right to compel arbitration.

Here, defendants answered the complaint in May 1995, but did not move until November 1995 to stay the action in order to compel arbitration. In the meantime defendants engaged in discovery. The extent, significance, and consequences of this discovery were disputed, but reasonable inferences support the trial court's conclusion that plaintiff suffered prejudice from defendants' delay in seeking arbitration and that defendants therefore waived the right to compel arbitration.

Because we conclude substantial evidence supports the trial court's finding that defendants waived the right to diligently compel arbitration, even assuming that defendants had such a right, we need not consider whether plaintiff was actually required to use the company appeal procedure or whether public policy precludes requiring plaintiff to arbitrate a statutory claim for sexual harassment under the FEHA.

## DISPOSITION

The order denying defendants' motion to compel arbitration is affirmed.

Hastings, J., and Baron, J., concurred.

A petition for a rehearing was denied December 12, 1997, and appellants' petition for review by the Supreme Court was denied February 18, 1998.