Filed 11/13/15  Edwards v. J.K. Residential Services CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| DEBRA EDWARDS, | B258799 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BC500655) |
| v. | |
| J.K. RESIDENTIAL SERVICES, INC., | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County.  Yvette M. Palazuelos, Judge.  Affirmed.

Law Offices of Kevin B. Jones, Kevin B. Jones and Karen E. Nakon for Defendant and Appellant.

Eisenberg & Associates, Michael B. Eisenberg and Joseph Socher for Plaintiff and Respondent.

_____

J.K. Residential Services, Inc. (J.K.) appeals from the trial court's order denying its petition to compel arbitration, which it filed 17 months after plaintiff Debra Edwards filed suit and 16 months after it was served with process and began litigating the action. The trial court concluded J.K. waived its right to arbitration. We affirm.

## BACKGROUND

J.K. employed Edwards as a property manager at one of its apartment complexes in Los Angeles from May 24, 2010, through May 24, 2011. Edwards was then promoted to a supervisory position with responsibility for multiple complexes. In June of 2012, she took pregnancy leave. When she attempted to return to work in October of 2012, J.K. assigned her to a position in San Bernardino, then terminated her.

Edwards filed suit on February 6, 2013, alleging, inter alia, pregnancy discrimination and retaliation for requesting and using pregnancy leave. On March 14, 2013, J.K. filed a peremptory challenge to the assigned judge pursuant to Code of Civil Procedure section 170.6 and a motion to quash service. J.K. filed its answer to the complaint on April 19, 2013, pleading 22 affirmative defenses, the second of which asserted that a contractual provision required arbitration.

On July 19, 2013, J.K. posted jury fees. On July 22, 2013, and then again on August 16, 2013, J.K. filed case management statements in which it requested a jury trial and estimated the trial would last five to seven days. J.K.'s case management statement further indicated that J.K. planned to complete discovery by April 2014 and planned to file a motion for summary judgment. J.K. did not check any boxes pertaining to arbitration in the section of the form pertaining to alternative dispute resolution, but it did check boxes indicating it was amenable to mediation and a settlement conference. Nothing on J.K.'s case management statement indicated in any way that J.K. wanted to arbitrate Edwards's claims.

On August 28, 2013, J.K. participated in a case management conference and agreed to a trial date of September 8, 2014. J.K. does not claim, and the record does not

2

suggest, that it informed the court during the conference it planned to invoke a contractual right to arbitrate.

Thereafter, according to the declaration of Edwards's attorney filed with her opposition to the motion to compel arbitration, J.K. "served several sets of written discovery, took Plaintiff's deposition, and served a request for a medical examination; [J.K.] responded to several sets of Plaintiff's discovery requests and . . . appeared for 3 depositions of [its] own employees; [J.K.] opposed Plaintiff's motion to compel over a number of [its] interrogatory responses; [J.K.] served a number [of] subpoenas and participated in the motion process related to those subpoenas by opposing Plaintiff's motion to quash." The declaration also states, "In none of [J.K.'s] discovery responses or opposition documents filed did [it] ever assert that [it was] objecting due to any alleged arbitration agreement." J.K. does not dispute the accuracy of these statements. Los Angeles County Superior Court case summary printouts submitted in each party's appellate appendix reflect that in April and June of 2014, J.K. filed written oppositions, including separate statements, to Edwards's motions to compel further responses to special interrogatories and motion to quash subpoenas.

On July 17, 2014, J.K. filed a motion to compel arbitration, set for hearing on August 26, 2014, on the basis of two different arbitration provisions in employment-related forms Edwards signed, the first when she began working for J.K. in 2010 and the second in 2011 after J.K. changed "employer services" administrators. The terms of the two arbitration provisions differ, yet J.K.'s motion did not indicate which it wanted to enforce. Even on appeal, J.K. has not elected between them.

One week after filing its motion to compel arbitration, J.K. applied ex parte to advance the hearing date on its motion to compel arbitration to August 8, 2014, the motion cutoff date, and to continue the trial date by 60 days. Edwards opposed the application, which the court granted in part by vacating the trial date and scheduling a trial setting conference on July 31, 2014. At that trial setting conference, the court set a new trial date of May 4, 2015.

3

Edwards opposed the motion to compel arbitration on the grounds J.K. waived its right to arbitrate by actively litigating the action for so long and both agreements were unconscionable.

The trial court found J.K. had waived its right to arbitration and therefore denied J.K.'s motion on that ground, without addressing unconscionability. The court explained that J.K.'s "actions since the filing of the lawsuit," including serving and responding to discovery, posting jury fees, and participating "in a case management conference at which it agreed to a trial date," were inconsistent with the right to arbitrate and instead demonstrated that J.K. was "preparing for litigation and trial, not arbitration." The court noted J.K. had not explained why it "waited 17 . . . months to move to compel arbitration." For the same reasons, the court concluded "the 'litigation machinery' in this matter has been substantially invoked and the parties are well into preparation of this lawsuit," and J.K. "delayed requesting arbitration for a long period" and "filed this [motion] less than two months before the original trial date of September 8, 2014." The trial court also found that both parties had engaged in discovery "not normally available in arbitration," and "[a]s a result, Plaintiff may have disclosed trial tactics and other strategies that she would not have been required to disclose in arbitration." It further noted, "The extent of discovery taken weighs in favor of a finding of waiver." Finally, the trial court concluded Edwards was prejudiced by J.K.'s conduct and delay because it necessitated continuing the trial date and J.K. had used judicial discovery processes to gain information about Edwards's case that it could not have gained in arbitration.

J.K. filed a timely appeal.

## DISCUSSION

### 1. Denial of motion to compel arbitration

#### a. Principles regarding waiver of arbitration

A party to an arbitration agreement may petition the trial court to compel arbitration where another party to the arbitration agreement refuses to arbitrate a controversy. (Code Civ. Proc., § 1281.2.) The trial court "shall order the petitioner and

4

the respondent to arbitrate the controversy if it determines that an agreement to arbitrate the controversy exists, unless it determines that: [¶] (a) The right to compel arbitration has been waived by the petitioner . . . ." (*Ibid.*)

"[N]o single test delineates the nature of the conduct that will constitute a waiver of arbitration." (*Saint Agnes Medical Center v. PacifiCare of California* (2003) 31 Cal.4th 1187, 1195 (*Saint Agnes*).) Nonetheless, courts can consider the following factors: "'(1) whether the party's actions are inconsistent with the right to arbitrate; (2) whether "the litigation machinery has been substantially invoked" and the parties "were well into preparation of a lawsuit" before the party notified the opposing party of an intent to arbitrate; (3) whether a party either requested arbitration enforcement close to the trial date or delayed for a long period before seeking a stay; (4) whether a defendant seeking arbitration filed a counterclaim without asking for a stay of the proceedings; (5) "whether important intervening steps [e.g., taking advantage of judicial discovery procedures not available in arbitration] had taken place"; and (6) whether the delay "affected, misled, or prejudiced" the opposing party.'" (*Sobremonte v. Superior Court* (1998) 61 Cal.App.4th 980, 992 (*Sobremonte*), quoted with approval in *Saint Agnes*, at p. 1196.) "'The trial court must . . . view the litigation as a whole and determine if the parties' conduct is inconsistent with a desire to arbitrate.'" (*Lewis v. Fletcher Jones Motor Cars, Inc.* (2012) 205 Cal.App.4th 436, 449 (*Lewis*).)

"[C]ourts assess prejudice with the recognition that California's arbitration statutes reflect "'a strong public policy in favor of arbitration as a speedy and relatively inexpensive means of dispute resolution'" and are intended "'to encourage persons who wish to avoid delays incident to a civil action to obtain an adjustment of their differences by a tribunal of their own choosing.'" [Citation.] Prejudice typically is found only where the petitioning party's conduct has substantially undermined this important public policy or substantially impaired the other side's ability to take advantage of the benefits and efficiencies of arbitration." (*Saint Agnes*, *supra*, 31 Cal.4th at p. 1204.)

5

"Whether a party to an arbitration agreement has waived the right to arbitrate is a question of fact, and a trial court's determination on that matter will not be disturbed on appeal if supported by substantial evidence." (*Sobremonte*, *supra*, 61 Cal.App.4th at p. 991.) "We infer all necessary findings supported by substantial evidence [citations] and 'construe any reasonable inference in the manner most favorable to the judgment, resolving all ambiguities to support an affirmance.'" (*Lewis*, *supra*, 205 Cal.App.4th at p. 443.) Although the party seeking to establish waiver bears a heavy burden of proof, with all doubts resolved in favor of arbitration, "these higher burdens guide the trial court's determination, but do not alter the standard of review on appeal." (*Burton v. Cruise* (2010) 190 Cal.App.4th 939, 945–946 (*Burton*).)

**b.      The trial court's finding of waiver is supported by substantial evidence**

**(1)      Conduct inconsistent with the right to arbitrate, participating in the litigation process, delay, proximity to trial date, and use of judicial discovery procedures**

J.K. began litigating this action on March 14, 2013, when it challenged the assigned judge and filed a motion to quash service. J.K. then waited 16 months to file its motion to compel arbitration. In the interim, it not only filed an answer, propounded and responded to discovery, and opposed two discovery-related motions by Edwards, it also demonstrated an intent to have the claims tried, not arbitrated, by requesting a jury trial, posting jury fees, participating in a case management conference in which the date for trial was set, and declaring an intent to file a motion for summary judgment. At no time did J.K. object to the discovery or setting of a trial date on the ground Edwards's employment contract required that her claims be arbitrated. When J.K. finally filed its motion to compel, it did so just 53 days before trial. The motion was filed so late that it could not be set for hearing before the motion cutoff date, prompting J.K. to apply ex parte to shorten time for the hearing or continue the trial date. Moreover, the trial date had been set for almost 11 months when J.K. filed its motion.

6

"'[A] demand for arbitration must not be unreasonably delayed. When an arbitration agreement does not specify the time within which arbitration must be demanded, a reasonable time is allowed; a party who does not demand arbitration within a reasonable time is deemed to have waived the right to arbitration.'" (*Sobremonte*, *supra*, 61 Cal.App.4th at p. 992.) J.K. "had the responsibility to 'timely seek relief either to compel arbitration or dispose of the lawsuit, before the parties and the court have wasted valuable resources on ordinary litigation.'" (*Id*. at pp. 993–994.) J.K. actively litigated this case for 16 months before seeking to compel arbitration and has never even attempted to justify the delay. J.K. led Edwards and the trial court to believe it intended to litigate, not arbitrate, by participating in discovery, law and motion, requesting a jury trial, posting jury fees, and agreeing to a trial date. This conduct was completely inconsistent with an intent to arbitrate and constituted a substantial invocation of "the litigation machinery" and preparation for trial. Important intervening steps had occurred, J.K. delayed for a long period, and it filed its motion to compel very close to the trial date. Thus, substantial evidence supported the trial court's conclusion that the first through third and fifth factors set forth in *Sobremonte*, *supra*, 61 Cal.App.4th at page 992, supported a finding of waiver.

J.K. argues, in opposition to a finding of waiver, that it raised the contractual arbitration provision in its answer to the complaint. Mere assertion of a right to arbitrate as an affirmative defense, however, does not preclude a finding that subsequent conduct constituted a waiver of that right. (*Sobremonte*, *supra*, 61 Cal.App.4th at p. 993 [pleading right to contractual arbitration in answer insufficient to avoid waiver].) "'"A right to compel arbitration is not, unless expressly provided for in the agreement, self-executing. If a party wishes to compel arbitration, he must take active and decided steps to secure that right . . . ."'" (*Ibid.*) J.K. did not take any steps within a reasonable time to enforce its contractual right to arbitrate, and its delay and conduct during the course of the action before filing that motion support the trial court's waiver finding.

7

### (2)     Effect upon Edwards

Although the parties and trial court discussed the final *Sobremonte*/*Saint Agnes* factor solely as prejudice, the actual formulation is "'whether the delay "affected, misled, or prejudiced" the opposing party.'" (*Sobremonte*, *supra*, 61 Cal.App.4th at p. 992; *Saint Agnes*, *supra*, 31 Cal.4th at p. 1196.)  Here, substantial evidence demonstrated J.K.'s conduct and delay affected, misled, and prejudiced Edwards.  First, Edwards spent 15 or more months preparing her case for the full jury trial J.K. had demanded, for which J.K. had deposited jury fees, and for which J.K. had agreed to a trial date.  Edwards's preparation included engaging in fairly extensive discovery, both propounding her own discovery and responding to J.K.'s discovery.  The discovery J.K. propounded afforded J.K. the opportunity to "'learn [Edwards's] strategies, evidence, and witnesses and to pin [her] down to a particular version of the facts.'" (*Sobremonte*, *supra*, 61 Cal.App.4th at p. 995, quoting *Davis v. Continental Airlines, Inc.* (1997) 59 Cal.App.4th 205, 213.)  In addition, the judicial discovery actually conducted may well have been more extensive and/or more expensive than the parties would have conducted or been allowed to conduct in arbitration.

In addition, at a minimum, J.K.'s failure to timely demand arbitration adversely affected Edwards by causing her to attend the case management conference and prepare and file her case management statement, appear for J.K.'s ex parte application to shorten time for its motion to compel arbitration or continue the trial date, appear at the trial setting conference following the vacating of the trial date due to J.K.'s late motion to compel, and respond to the instant appeal.  Had J.K. successfully moved to compel arbitration soon after it was served with this action, none of the aforementioned filings and appearances would have been required.  Where, as here, "the delay was unreasonable or unjustified," "the expenditure of time and money *are* relevant to the prejudice analysis." (*Oregel v. PacPizza, LLC* (2015) 237 Cal.App.4th 342, 361.)

Furthermore, J.K.'s late motion caused an extremely lengthy delay of the trial and of Edwards's opportunity to recover damages from J.K. if she prevails on her claims.

Because J.K. filed the motion so late that it could not be heard before the motion cutoff date without severely shortening Edwards's time to respond, the trial court continued the trial for eight months. J.K.'s appeal has caused a further, lengthy, unwarranted delay of the trial date.

Finally, "[A] petitioning party's conduct in stretching out the litigation process itself may cause prejudice by depriving the other party of the advantages of arbitration as an 'expedient, efficient and cost-effective method to resolve disputes.' [Citation.] Arbitration loses much, if not all, of its value if undue time and money is lost in the litigation process preceding a last-minute petition to compel." (*Burton*, *supra*, 190 Cal.App.4th at p. 948.) Here, J.K.'s lengthy delay in seeking to compel arbitration, during which the parties actively litigated this case and prepared for trial, obliterated Edwards's opportunity and ability to benefit from the expediency, efficiency, and cost-effectiveness of arbitration. "By litigating rather than arbitrating until the time of trial, [J.K.] has circumvented the expected benefits to be achieved from a speedy and relatively inexpensive arbitral forum. Depriving a party of the benefits of his or her bargain is the epitome of prejudice." (*Id.* at p. 949.) "'Starting anew in an arbitral forum at [this] late date would delay resolution of the dispute, not advance it.'" (*Ibid.*)

For all of these reasons, substantial evidence supports a finding J.K.'s delay and conduct affected, misled, and prejudiced Edwards. Accordingly, substantial evidence supports the trial court's finding that J.K. waived its right to arbitrate. We need not address unconscionability.

2.      **Motion for sanctions for frivolous appeal**

Edwards asks this court to sanction J.K. $17,100 for filing a frivolous appeal. (Code Civ. Proc., § 907; Cal. Rules of Court, rule 8.276; *In re Marriage of Flaherty* (1982) 31 Cal.3d 637, 646.) Although J.K.'s arguments on appeal lack merit, we decline to find that they are so egregious as to warrant the imposition of sanctions. (*Flaherty, supra,* at p. 650 ["An appeal that is simply without merit is *not* by definition frivolous and should not incur sanctions"].) We therefore deny Edwards's motion.

**DISPOSITION**

The order is affirmed.  Respondent is awarded her costs on appeal.

NOT TO BE PUBLISHED.


                                                    LUI, J.

We concur:


CHANEY, Acting P. J.


JOHNSON, J.