Filed 12/23/20  IMACO Investments, Inc. v. Nazarian Properties, LLC CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| IMACO INVESTMENTS, INC., <br><br> Plaintiff and Appellant, <br><br> v. <br><br> NAZARIAN PROPERTIES, LLC et al., <br><br> Defendants and Respondents. | B303807 <br><br> (Los Angeles County <br> Super. Ct. No. 19STCV07438) |

APPEAL from an order of the Superior Court of Los Angeles County, Gregory Keosian, Judge.  Affirmed.

Jones, Bell, Abbott, Fleming & Fitzgerald, William M. Turner, Asha Dhillon and Neil M. Katsuyama for Plaintiff and Appellant.

Slaughter, Reagan & Cole and Gabriele M. Lashly for Defendants and Respondents.

Plaintiff and appellant IMACO Investments, Inc. (tenant) appeals from an order denying its petition to compel arbitration of a lease dispute with defendants and respondents Nazarian properties, LLC and Sam Nazarian Properties, LLC (collectively, landlord). We affirm the order.

## BACKGROUND

In 2015, the parties entered into three separate gas station lease agreements (the leases). Each of the leases restricts tenant's ability to assign or transfer its interest without first obtaining landlord's written consent, not to be unreasonably withheld.

Each of the leases also contains a dispute resolution provision that states in relevant part:

"36. DISPUTE RESOLUTION:

"A. MEDIATION: Tenant and Landlord agree to mediate any dispute or claim arising between them out of this agreement, or any resulting transaction, before resorting to arbitration or court action, subject to paragraph 36B(2) below….If for any dispute or claim to which this paragraph applies, any party commences an action without first attempting to resolve the matter through mediation, or refuses to mediate after a request has been made, then that party shall not be entitled to recover attorney fees, even if they would otherwise be available to that party in any such action….

2

"B.  ARBITRATION OF DISPUTES:  (1) Tenant and Landlord agree that any dispute or claim in Law or equity arising between them out of this agreement or any resulting transaction, which is not settled through mediation, shall be decided by neutral, binding arbitration, including and subject to paragraphs 36B(2) and (3) below.  The arbitrator shall be a retired judge or justice, or an attorney with at least 5 years of real estate transactional law experience, unless the parties mutually agree to a different arbitrator, who shall render an award in accordance with substantive California Law.  In all other respects, the arbitration shall be conducted in accordance with Part III, Title 9 of the California Code of Civil Procedure.  Judgment upon the award of the arbitrator(s) may be entered in any court having jurisdiction.  The parties shall have the right to discovery in accordance with Code of Civil Procedure § 1283.05.

"(2) EXCLUSIONS FROM MEDIATION AND ARBITRATION:  The following matters are excluded from Mediation and Arbitration hereunder:  (i) a judicial or non-judicial foreclosure or other action or proceeding to enforce a deed of trust, mortgage, or installment land sale contract as defined in Civil Code §2985; (ii) an unlawful detainer

action; (iii) the filing or enforcement of a mechanic's lien; (iv) any matter that is within the jurisdiction of a probate, small claims, or bankruptcy court; and (v) an action for bodily injury or wrongful death, or for latent or patent defects to which Code of Civil Procedure §337.1 or §337.15 applies.  The filing of a court action to enable the recording of a notice of pending action, for order of attachment, receivership, injunction, or other provisional remedies, shall not constitute a violation of the mediation and arbitration provisions…."

In 2017, tenant sold its gas station businesses and assigned the leases to a third party.  Landlord refused to consent to the requested assignments, and on March 4, 2019, tenant filed a complaint against landlord asserting three causes of action for breach of contract.  Tenant alleged that it entered into an agreement to sell its businesses, contingent upon landlord consenting to assignment of the leases; that landlord unreasonably refused to consent to the assignments; and that landlord's refusal would prevent the sale, causing tenant damages exceeding $25,000.  The complaint sought unspecified injunctive relief.

On March 12, 2019, landlord sent tenant a letter demanding mediation of the pending civil action.  Between March and June 2019, the parties negotiated selecting a mediator.  A mediation held on September 4, 2019 did not resolve the dispute.

On March 22, 2019, landlord filed an answer and cross-complaint.  The cross-complaint alleged that tenant breached the leases by assigning its rights under the lease without landlord's

4

consent and by misleading landlord. Tenant filed an answer to the cross-complaint on April 30, 2019. The parties attended a case management conference on May 16, 2019.

In September 2019, tenant served deposition notices for landlord's principals. Landlord in turn propounded written discovery, including form and special interrogatories, requests for admissions, and requests for production of documents. The depositions of landlord's principals did not occur; however, tenant responded to landlord's written discovery. The parties met and conferred on tenant's discovery responses, and an informal discovery conference was scheduled for November 22, 2019. Trial was set for November 24, 2020.

On September 3, 2019, tenant sent landlord a letter requesting arbitration of the dispute. Landlord refused the request, arguing that tenant had waived the right to arbitrate. Tenant filed a petition and motion to compel arbitration on October 7, 2019.

On November 22, 2019, the trial court denied tenant's petition to compel arbitration, finding that tenant had waived its right to arbitration. This appeal followed.

## DISCUSSION

### I. Standard of review

Whether a party has waived its right to arbitrate is generally a question of fact, and the trial court's determination, if supported by substantial evidence, is binding on a reviewing court. (*St. Agnes Medical Center v. PacifiCare of California* (2003) 31 Cal.4th 1187, 1196 (*St. Agnes*).) When the facts are undisputed and only one inference may reasonably be drawn from those facts, the issue is one of law subject to de novo review.

5

(*Ibid.*)  If more than one reasonable inference may be drawn from undisputed facts, however, the substantial evidence rule requires indulging the inferences favorable to the trial court's judgment. (*Davis v. Continental Airlines, Inc.* (1997) 59 Cal.App.4th 205, 211 (*Davis*).)

The parties disagree on whether substantial evidence or de novo review governs our determination of this appeal.  Tenant contends it acted consistently with the intent to arbitrate and did not take advantage of judicial discovery procedures, while landlord frames the same conduct as inconsistent with tenant's claim to arbitration.  Given the competing inferences that may be drawn from the record in this case, we review the trial court's ruling for substantial evidence.  (*Davis, supra,* 59 Cal.App.4th at p. 211.)  We bear in mind the need for "close judicial scrutiny" of the waiver claim, which may not be "lightly inferred."  (*St. Agnes, supra*, 31 Cal.4th at p. 1195.)

## II.  Waiver of right to arbitrate

No single test determines the nature of the conduct that will constitute a waiver of the right to arbitrate.  (*St. Agnes, supra,* 31 Cal.4th at p. 1195.)  Our Supreme Court has suggested that the following factors are relevant to that determination: ""'(1) whether the party's actions are inconsistent with the right to arbitrate; (2) whether 'the litigation machinery has been substantially invoked' and the parties 'were well into preparation of a lawsuit' before the party notified the opposing party of an intent to arbitrate; (3) whether a party either requested arbitration enforcement close to the trial date or delayed for a long period before seeking a stay; (4) whether a defendant seeking arbitration filed a counterclaim without asking for a stay

6

of the proceedings; (5) 'whether important intervening steps [e.g., taking advantage of judicial discovery procedures not available in arbitration] had taken place'; and (6) whether the delay 'affected, misled, or prejudiced' the opposing party.""" (*Id.* at p. 1196, quoting *Sobremonte v. Superior Court* (1998) 61 Cal.App.4th 980, 992.)

Substantial evidence supports a finding of waiver under factors one, two, and three. It is undisputed that tenant knew of the dispute resolution provisions set forth in the leases. Tenant failed to comply with those provisions. Tenant did not initiate mediation before commencing this action, as required under the dispute resolution provisions. Although the filing of a lawsuit alone does not waive a party's right to arbitrate (*Doers v. Golden Gate Bridge etc. Dist.* (1979) 23 Cal.3d 180, 188), tenant here did more than merely file a lawsuit. Tenant filed a peremptory challenge to the judge initially assigned to the case, resulting in reassignment to another judge. Tenant also filed an answer to landlord's cross-complaint, participated in discovery by serving deposition notices on landlord and objecting and then responding to landlord's written discovery, and participated in a case management conference and trial setting conference at which a trial date was set. While undertaking these actions, tenant never mentioned or requested arbitration.

We are unpersuaded by tenant's argument that the parties' agreement excludes from mediation and arbitration the filing of an action for injunctive relief. The parties' arbitration agreement excludes only actions for provisional remedies. It states: "The filing of a court action to enable the recording of a notice of pending action, for order of attachment, receivership, injunction, or other provisional remedies, shall not constitute a

7

violation of the mediation and arbitration provisions." That limited exclusion is consistent with Code of Civil Procedure section 1281.8, subdivision (b), which allows a party to an arbitration agreement to file in court an application for a provisional remedy:

"A party to an arbitration agreement may file in the court in the county in which an arbitration proceeding is pending, or if an arbitration proceeding has not commenced, in any proper court, an application for a provisional remedy in connection with an arbitrable controversy, but only upon the ground that the award to which the applicant may be entitled may be rendered ineffectual without provisional relief. The application shall be accompanied by a complaint or by copies of the demand for arbitration and any response thereto. If accompanied by a complaint, the application shall also be accompanied by a statement stating whether the party is or is not reserving the party's right to arbitration."

(Code Civ. Proc., § 1281.8, subd. (b).)
The term "provisional remedies" is defined in Code of Civil Procedure section 1281.8, subdivision (a) to include preliminary injunctions and temporary restraining orders. (Code Civ. Proc., § 1281.8, subd. (a).) Tenant did not file an application for a preliminary injunction or a statement reserving its right to arbitration, and its complaint does not seek a preliminary injunction or other provisional relief.

The fourth factor for determining waiver of the right to arbitrate -- whether a defendant seeking arbitration filed a

8

counterclaim without asking for a stay of the proceedings – does not apply, since tenant is the plaintiff in this case. We note, however, that tenant filed an answer to landlord's cross-complaint without requesting a stay or asserting its right to arbitrate the dispute. The fifth factor -- whether tenant took advantage of judicial discovery procedures not available in arbitration -- is also inapplicable. Although tenant noticed depositions, none occurred. The parties' arbitration agreement, moreover, gives them the right to take depositions and obtain discovery.

The sixth factor -- whether tenant's delay in requesting arbitration was unreasonable and prejudiced landlord – weighs in favor of waiver. "Unreasonable delay in seeking arbitration may, standing alone, constitute a waiver of a right to arbitrate." (*Spracher v. Paul M. Zagaris, Inc.* (2019) 39 Cal.App.5th 1135, 1138.) Tenant was aware of the relevant arbitration provisions when it filed the complaint but delayed filing a petition to compel arbitration for nearly seven months. Tenant offers no explanation for its delay. There is no evidence that tenant mentioned arbitration in any court filing or at any hearing. The record supports a finding that tenant's delay was unreasonable and unjustified.

Substantial evidence also supports the finding that tenant's conduct prejudiced landlord. "Because merely participating in litigation, by itself, does not result in a waiver, courts will not find prejudice where the party opposing arbitration shows only that it incurred court costs and legal expenses." (*St. Agnes, supra*, 31 Cal.4th at p. 1203.) Prejudice can arise, however, "where the petitioning party's conduct has substantially undermined" the policy in favor of arbitration as a speedy and relatively

9

inexpensive means of dispute resolution or "substantially impaired the other side's ability to take advantage of the benefits and efficiencies of arbitration." (*Id*. at p. 1204.) As our Supreme Court has recognized, courts have considered "the expenditure of time and money in determining prejudice where the [petitioner's] delay is unreasonable." (*Iskanian v. CLS Transportation Los Angeles, LLC* (2014) 59 Cal.4th 348, 377.) Tenant's unreasonable and unjustified conduct substantially undermined landlord's ability to benefit from the relative speed and cost efficiencies of arbitration and thereby prejudiced landlord. (*Fleming Distribution Co. v. Younan* (2020) 49 Cal.App.5th 73, 83-84 [plaintiff suffered prejudice where defendant unreasonably delayed in seeking arbitration and plaintiff incurred costs and fees in litigation]; *Lewis v. Fletcher Jones Motor Cars, Inc.* (2012) 205 Cal.App.4th 436, 451-453 [plaintiff suffered prejudice where defendant unreasonably delayed seeking arbitration for five months and plaintiff was forced to litigate demurrers and motions to compel further discovery]; accord, *Burton v. Cruise* (2010) 190 Cal.App.4th 939, 948 ["[A] petitioning party's conduct in stretching out the litigation process itself may cause prejudice by depriving the other party of the advantages of arbitration as an 'expedient, efficient and cost-effective method to resolve disputes'"].)

Substantial evidence supports the trial court's finding that tenant waived its right to arbitration.

**DISPOSITION**

The order denying tenant's motion to compel arbitration is affirmed. Landlord shall recover its costs on appeal.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.


_____, J.

CHAVEZ


We concur:


_____, Acting P. J.

ASHMANN-GERST


_____, J.

HOFFSTADT