Filed 4/10/23 Mai v. The Tu Firm, APLC CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| DAVID MAI, | |
| Plaintiff and Respondent, | G060947 |
| v. | (Super. Ct. No. 30-2020-01142902) |
| THE TU FIRM, APLC, et al., | O P I N I O N |
| Defendants and Appellants. | |

Appeal from an order of the Superior Court of Orange County, Richard J. Oberholzer, Judge. (Retired judge of the Orange Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.) Affirmed.

Law Offices of Andrew D. Weiss and Andrew D. Weiss for Defendants and Appellants.

Hess & Nghiem and Edward W. Hess, Jr., for Plaintiff and Respondent.

\* \* \*

**INTRODUCTION**

Defendants The Tu Firm, APLC, Hoang Huy Tu, and Walter Emil Teague III, appeal from the trial court's order denying their motion to compel an arbitration of plaintiff David Mai's legal malpractice claim against them.[1] Over nine months after being served with summonses, defendants demanded arbitration based on their legal services contract signed by Mai that contained a dispute resolution subsection. During those months, defendants litigated this matter by filing a demurrer, motion to strike with a request for judicial notice, answer, cross-complaint, and an amendment to add a cross-defendant, all without mentioning arbitration. Defendants also responded to Mai's discovery request with objections and no mention of arbitration.

The denial of defendants' motion was based on the trial court's conclusions the legal services contract did not cover the parties' claims and, in any case, that defendants had waived any right to arbitration they may have had. Defendants challenge both conclusions on appeal. We affirm the denial order because defendants have not carried their burden to demonstrate the court's waiver finding was erroneous as a matter of law.

**FACTUAL AND PROCEDURAL BACKGROUND**

*A. Context of the Underlying Lawsuit*

In October 2013, plaintiff David Mai entered a contract with a third party unrelated to this appeal, for Mai to perform "construction work" to renovate a residence. Problems arose from the work performed and, in 2016, Mai signed a legal services contract printed with defendants' letterhead (retainer contract).

The retainer contract stipulates California law should govern the "resolution of all disputes" between the parties. A subsection titled "[d]isputes and

---

[1] We do not distinguish between the defendants in this opinion unless material to our discussion.

2

[a]ttorney's [f]ees" memorialized the parties' understandings on dispute resolution. It provides in part that, "[i]n the event a dispute arises concerning any aspect of the relationship between Attorney [defendant The Tu Firm] and Client [Mai], including fee disputes or claims of legal malpractice, Attorney and Client both agree to adhere to [a] resolution process" that includes arbitration of the dispute.

One month after Mai signed the retainer contract, he was sued by the third party for damages arising from the renovation work and counterclaimed for money owed (collectively the renovation litigation). Defendants represented Mai in the litigation, which settled three years later in 2017.

According to Mai's allegations in this matter, in 2017, he was misinformed by defendants as to the total amount he had to pay for the settlement of the renovation litigation. Mai alleges he made only one payment because of his misunderstanding and that, because defendants never informed him about subsequent issues that arose, a judgment was later entered against Mai for an amount greater than the settlement amount. Mai filed the lawsuit in this matter in May 2020, asserting a single cause of action for legal malpractice against defendants.

*B. The Parties' Litigation Before Defendants' Motion to Compel Arbitration*

As noted, defendants engaged in litigation before filing their unsuccessful June 2021 motion to compel arbitration. As their first response to Mai's allegations, defendants filed a demurrer, a motion to strike, and a request for judicial notice in support of the motion, all without mentioning arbitration. Mai filed oppositional briefs and defendants' challenges were unsuccessful.

The court set a January 2022 trial date and defendants filed along with their answer, a cross-complaint against Mai, seeking a court judgment for attorney fees allegedly owed for the renovation litigation. Neither filing mentioned a right to arbitration and defendants did not request to stay the proceedings. Mai filed an answer to

3

the cross-complaint, asserting eight affirmative defenses. Two months later, defendants filed an amendment to their cross-complaint to add a cross-defendant who is not a party to this appeal.

More than two months before defendants' cross-complaint, Mai filed a motion to compel The Tu Firm's further responses to discovery requests for production of documents and things. According to Mai's motion, the firm's initial and supplemental responses contained objections and claims of privilege with no mention of arbitration. For example, Mai's tenth request for production sought "[a]ny and all documents evidencing the agreement[,] if any, between defendants and [Mai] regarding legal services." The firm's initial response, after asserting objections, stated as follows: "without waiving objection[s], [The Tu Firm] has no such documents in his [*sic*] possession custody or control."

The firm's supplemental response, provided by defendant Teague after meeting and conferral with Mai's counsel, also failed to mention the retainer contract, stating: "without waiving objection[s], after a diligent search and a reasonable inquiry [responsive] documents have never existed, have been destroyed, or have been lost, misplaced, or stolen, or have never been, or is no longer, in the possession, custody, or control of the responding party."

The court granted Mai's unopposed discovery motion in January 2021, three months before defendants requested arbitration but the court did not issue Mai's separately requested sanctions against the firm because of a lack of formal notice in Mai's discovery motion. Defendants did not propound any discovery to Mai.

*C. Defendants' Motion to Compel Arbitration and the Trial Court's Denial Order*

Defendants first communicated an intent to arbitrate this matter by sending an April 1, 2021 letter to Mai demanding arbitration based on the retainer contract. Their

4

arbitration motion underlying this appeal was filed June 22, 2021, when seven months remained before the scheduled trial date.

After the trial court continued the motion hearing sua sponte,[2] it held a November 15, 2021 hearing where the parties presented oral arguments and submitted the matter for decision without requesting a statement of decision. There is no reporter's transcript for the hearing but the record shows Mai's opposition papers discussed the parties' motion litigation history which the defendants argued was insufficient to support a finding of waiver.

The court issued a minute order denying defendants' arbitration motion, concluding the retainer contract's dispute resolution subsection did not cover Mai's legal malpratice claim and that, in any event, defendants had waived any right to arbitrate they might have had through their litigation conduct. Defendants timely appealed. (Code Civ. Proc., § 1294, subd. (a) [order denying motion to compel arbitration appealable]; all further undesignated statutory references are to the Code of Civil Procedure unless otherwise indicated.)

## DISCUSSION

### A. Public Policy and Arbitration-Specific Waiver

"California's arbitration statutes reflect "'a strong public policy in favor of arbitration as a speedy and relatively inexpensive means of dispute resolution'" and are intended "'to encourage persons who wish to avoid delays incident to a civil action to obtain an adjustment of their differences by a tribunal of their own choosing.'" (*Moncharsh v. Heily & Blase* (1992) 3 Cal.4th 1, 9[].)" (*St. Agnes Medical Center v. PacifiCare of California* (2003) 31 Cal.4th 1187, 1204 (*St. Agnes Medical Center*);

---

[2] We do not impute any time elapsed because of issues outside of defendants' control, e.g., administrative delays due to the COVID-19 pandemic, to defendants' conduct under consideration in this appeal.

5

accord, *OTO, L.L.C. v. Kho* (2019) 8 Cal.5th 111, 125; see § 1291.2 [arbitration motion "proceedings shall be quickly heard and determined"].)

If an arbitration agreement is proved in the trial court by the moving party (*Rosenthal v. Great Western Fin. Securities Corp.* (1996) 14 Cal.4th 394, 413) and the party resisting arbitration claims a defense to the enforcement of the agreement, the burden shifts to that party to prove by a preponderance of the evidence the facts necessary for the defense (*Engalla v. Permanente Medical Group, Inc.* (1997) 15 Cal.4th 951, 972; see Evid. Code, § 115). A defense to the enforcement of an arbitration agreement can be based "upon such grounds as exist for the revocation of any contract." (§ 1281.)

"[S]ection 1281.2 provides that one ground for denying a petition to compel arbitration is that '[t]he right to compel arbitration has been waived by the petitioner.' . . . [¶] '. . . In the arbitration context, "[t]he term 'waiver' has also been used as a shorthand statement for the conclusion that a contractual right to arbitration has been lost." [Citation.]' (*St. Agnes Medical Center, supra*, 31 Cal.4th at pp. 1194-1195, fn. 4 [].)" (*Iskanian v. CLS Transportation Los Angeles, LLC* (2014) 59 Cal.4th 348, 375 (*Iskanian*), abrogated on another ground by *Viking River Cruises, Inc. v. Moriana* (2022) 596 U.S. ____ [142 S.Ct. 1906].)

Citing California's policy promoting arbitration,[3] defendants argue the trial court erroneously construed the retainer contract's provisions and also erroneously found defendants waived their right to arbitration. We first assume without deciding that the parties entered an arbitration agreement and review the court's ruling that defendants waived through their conduct any right to arbitration they may have had. (See § 1281.2, subd. (a); see also *Sobremonte v. Superior Court* (1998) 61 Cal.App.4th 980, 984 (*Sobremonte*) [because of holding on waiver issue, "we need not consider issues relating

---

[3] No party claims the Federal Arbitration Act is implicated in this appeal.

6

to the validity or enforceability of the arbitration provision."].) Defendants as the appellants have the burden to overcome the presumption the court order is correct. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.)

*B. Standard of Review*

Defendants contend the trial court's waiver finding was erroneous as a matter of law because there was insufficient evidence of litigation prejudicing Mai. On waiver, the court's minute order stated: "to the extent any agreement to arbitrate existed, [d]efendants have waived the right to arbitrate. First, they filed a demurrer and motion to strike in July 2020, thus invoking litigation machinery. Thereafter, six months after the [c]omplaint was filed, they filed a [c]ross-[c]omplaint and [an a]nswer on [November 25, 2020]. The [a]nswer does not set forth any right to arbitration or request any type of stay. Finally, after [Mai] propounded discovery (and filed a motion to compel), [d]efendants filed this motion on [June 22, 2021], which is being heard [November 15, 2021], just [two] months before trial. [*Sobremonte, supra,* 61 Cal.App.4th at p. 992]."

In the arbitration context, the California Supreme Court has reiterated several factors "relevant to the waiver inquiry: ""(1) whether the party's actions are inconsistent with the right to arbitrate; (2) whether "the litigation machinery has been substantially invoked" and the parties "were well into preparation of a lawsuit" before the party notified the opposing party of an intent to arbitrate; (3) whether a party either requested arbitration enforcement close to the trial date or delayed for a long period before seeking a stay; (4) whether a defendant seeking arbitration filed a counterclaim without asking for a stay of the proceedings; (5) "whether important intervening steps [e.g., taking advantage of judicial discovery procedures not available in arbitration] had taken place"; and (6) whether the delay 'affected, misled, or prejudiced' the opposing party."" (*St. Agnes Medical Center, supra*, 31 Cal.4th at p. 1196 [quoting *Sobremonte, supra*, 61 Cal.App.4th at p. 992].)" (*Iskanian, supra*, 59 Cal.4th at p. 375.) "'[W]hether

7

a delay [by the party petitioning for arbitration] was 'unreasonable' [citation]" is relevant (*id*. at p. 376) and other grounds for finding waiver include whether the petitioning party engaged in conduct amounting to "'bad faith' or 'willful misconduct' [citation.]" (*id.* at p. 375).

Defendants contend we should review the trial court's waiver ruling de novo, citing to *St. Agnes Medical Center, supra*, 31 Cal.4th at p. 1196. There, the California Supreme Court explained: "'Generally, the determination of waiver is a question of fact, and the trial court's finding, if supported by sufficient evidence, is binding on the appellate court. [Citations.] "When, however, the facts are undisputed and only one inference may reasonably be drawn, the issue is one of law and the reviewing court is not bound by the trial court's ruling."'" ([*Ibid.*].)" (*Iskanian, supra*, 59 Cal.4th at p. 375.)

Here, defendants' appellate briefing does not discuss Mai's opposition to defendants' arbitration motion. The opposition included briefing on the litigation history at issue and a declaration filed by Mai's counsel. Thus, defendants have not shown the essential facts are undisputed.

Additionally, we note that even if we assumed undisputed facts, the record allows conflicting reasonable inferences on the question of waiver. For example, the record supports an inference defendants improperly "used [the courtroom] as a convenient vestibule to the arbitration hall so as to allow [defendants] to create [their] own unique structure combining litigation and arbitration." (*Christensen v. Dewor Developments* (1983) 33 Cal.3d 778, 784 (*Christensen*).) In his declaration filed to oppose defendants' arbitration motion, Mai's counsel represented that defendants filed their motion the day before depositions of defendants Tu and Teague were to commence as mutually agreed by the parties. Mai's counsel also represented the dates were agreed to *after* defendants had already sent their April 1, 2021 letter to Mai demanding arbitration.

8

In other words, the record supports a chronology showing defendants notified Mai of an intent to arbitrate, then agreed to conduct depositions outside of arbitration, and then changed their minds again by reverting back to a position that the parties should arbitrate the matter.[4] This court's previous comment on a similar pre-motion context merits mention here: "We are loathe to condone conduct by which a defendant repeatedly uses the court proceedings for its own purposes (challenging the pleadings with demurrers) while steadfastly remaining uncooperative with a plaintiff who wishes to use the court proceedings for its purposes (taking depositions), all the while not breathing a word about the existence of an arbitration agreement, or a desire to pursue arbitration." (*Adolph v. Coastal Auto Sales, Inc.* (2010) 184 Cal.App.4th 1443, 1452.)

Ultimately, we need not and do not reach a conclusion as to whether bad faith conduct occurred in this matter. For purposes of determining the correct standard of review to apply, it is sufficient to conclude that because defendants have not demonstrated undisputed facts allowing only one reasonable inference on the question of waiver, we must apply the substantial evidence standard of review to the trial court's waiver finding. (*St. Agnes Medical Center, supra*, 31 Cal.4th at p. 1196.)

Notwithstanding that "'waivers are not to be lightly inferred and the party seeking to establish a waiver bears a heavy burden of proof' [citation]" (*Iskanian, supra*, 59 Cal.4th at p. 375 [citing California's "policy in favor of arbitration"]), "'[w]hen a trial court's factual determination is attacked on the ground that there is no substantial evidence to sustain it, the power of an appellate court *begins* and *ends* with the determination as to whether, *on the entire record*, there is substantial evidence, contradicted or uncontradicted, which will support the determination.' [Citation.]"

---

[4] We note that, in contrast to depositions conducted through judicial litigation, depositions conducted through arbitrations governed by the default procedural framework of the California Arbitration Act require leave granted by an arbitrator. (§ 1238.05, subd. (e) ["Depositions for discovery shall not be taken unless leave to do so is first granted by the arbitrator or arbitrators"].)

9

(*Jameson v. Five Feet Restaurant, Inc.* (2003) 107 Cal.App.4th 138, 143, accord, *Christensen, supra*, 33 Cal.3d at p. 781 [a waiver finding "is ordinarily one of fact which "'if supported by substantial evidence, is binding on an appellate court'"].)

Another well established appellate principle is triggered in this case by the parties' lack of a request for a statement of decision in the trial court:[5] "'A . . . failure to request a statement of decision when one is available has two consequences. First, the party waives any objection to the trial court's failure to make all findings necessary to support its decision. Second, the appellate court applies the doctrine of implied findings and presumes the trial court made all necessary findings supported by substantial evidence. [Citations.]'" (*Carbajal v. CWPSC, Inc.* (2016) 245 Cal.App.4th 227, 237.) Based upon the above, we review for substantial evidence and apply the doctrine of implied findings if substantial evidence supports an implied finding.

## C.  Relevant Case Law on Arbitration-Specific Waiver

"'California courts have found a waiver of the right to demand arbitration in a variety of contexts, ranging from situations in which the party seeking to compel arbitration has previously taken steps inconsistent with an intent to invoke arbitration [citations] to instances in which the petitioning party has unreasonably delayed in undertaking the procedure. [Citations.]'" (*Iskanian, supra*, 59 Cal.4th at pp. 374-375.)

As noted, the California Supreme Court has reaffirmed several factors, quoted infra, "relevant to the waiver inquiry." (*Iskanian, supra*, 59 Cal.4th at p. 376.)

---

[5]  Section 1291 appears within title nine of the Code of Civil Procedure, governing the arbitration sought in this matter. The section provides that: "A statement of decision shall be made by the court, if requested pursuant to [s]ection 632, whenever an order or judgment, except a special order after final judgment, is made that is appealable under this title." (§ 1291.) An order denying a petition to compel arbitration is appealable under the same title (§ 1294, subd. (a)) and under section 632, if the hearing "is concluded within one calendar day . . . the request [for statement of decision] must be made prior to the submission of the matter for decision."

Although the high court has explained "no single test delineates the nature of the conduct that will constitute a waiver of arbitration" (*St. Agnes Medical Center, supra*, 31 Cal.4th at p. 1195), it has also reiterated that "'prejudice . . . is critical in waiver determinations" (*Iskanian, supra*, 59 Cal.4th at pp. 375-377, quoting *St. Agnes Medical Center, supra*, 31 Cal.4th at p. 1203), noting "'[p]rejudice typically is found only where the petitioning party's conduct has substantially undermined [the] important public policy [promoted by arbitration] or substantially impaired the other side's ability to take advantage of the benefits and efficiencies of arbitration'" (*id.* at p. 377, quoting *St. Agnes Medical Center, supra*, 31 Cal.4th at p. 1204.)[6]

Central to defendants' contention in this appeal, the high court has also reiterated that "'[b]ecause merely participating in litigation, by itself, does not result in . . . waiver, courts will not find prejudice where the party opposing arbitration shows only that it incurred court costs and legal expenses.'" (*Iskanian, supra*, 59 Cal.4th at p. 377, quoting *St. Agnes Medical Center, supra*, 31 Cal.4th at p. 1203; *ibid.* ["'"'waiver could occur prior to a judgment on the merits if prejudice could be demonstrated'"'"]. [Citations.]) In the same discussion, however, the high court has also quoted our discussion in *Lewis v. Fletcher Jones Motor Cars, Inc.* (2012) 205 Cal.App.4th 436, 446 (*Lewis*) for the proposition that "whether a delay [by the party petitioning for arbitration]

---

[6] The parties have not briefed the California Supreme Court's recent grant of review in *Quach v. California Commerce Club, Inc.* (2022) 78 Cal.App.5th 470, 479 [majority holding "*St. Agnes Medical Center* test" for waiver not met] (S275121, Supreme Ct. Mins., August 24, 2022), an opinion filed just before the United States Supreme Court's opinion in *Morgan v. Sundance, Inc.* (2022) 596 U.S. ____ [142 S.Ct. 1708] (*Morgan*). *Morgan* held that where federal law controls, prejudice to a party resisting arbitration should not bear on the question of whether the party petitioning for arbitration waived its right to arbitrate. (*Id.* at p. 1708 [rejecting the rule of a majority of federal circuits requiring a showing of prejudice for "arbitration-specific waiver"].) Although the California Supreme Court will soon provide updated guidance on analyzing arbitration waiver, at present, *St. Agnes Medical Center* and *Iskanian* provide the most authoritative statements of state law on arbitration-specific waiver.

11

was 'unreasonable' [citation]" is a "factor relevant to the waiver inquiry" (*Iskanian, supra*, 59 Cal.4th at p. 376).

In *Lewis*, which involved a delay only half as long as the one at issue here, we held that substantial evidence supported the trial court's denial of a defendant's delayed motion to compel arbitration. (*Lewis, supra*, 205 Cal.App.4th at pp. 442-443.) The opinion, which dicussed our earlier analysis of arbitration-specific waiver in *Burton v. Cruise* (2010) 190 Cal.App.4th 939 (*Burton*), stands for the proposition that, although waiver of a right to arbitrate does not occur by mere participation in litigation, "'a petitioning party's conduct in stretching out the litigation process itself,'" i.e., through unreasonable delay, "'may cause prejudice by depriving the other party of the advantages of arbitration as an "expedient, efficient and cost-effective method to resolve disputes."'" (*Lewis, supra*, 205 Cal.App.4th at p. 452, quoting *Burton, supra*, 190 Cal.App.4th at p. 948; accord, *Sobremonte, supra*, 61 Cal.App.4th at p. 995 ["courts '"may consider . . . the expense incurred by that party from participating in the litigation process"'" and the length of delay as factors bearing on whether the opposing party has been prejudiced"].)

"As we explained in *Burton*, 'a party's unreasonable delay in demanding or seeking arbitration, in and of itself, may constitute a waiver of a right to arbitrate.' [Citation.]" (*Lewis, supra*, 205 Cal.App.4th at p. 452.) We read the high court's most recent discussion on arbitration-specific waiver as guidance that, although mere participation in litigation resulting in costs and legal expenses is insufficient as a matter of law to show prejudice, substantial expense resulting from an "*unreasonable* or *unjustified* [delay] of the party seeking arbitration" can amount to sufficient prejudice for a waiver finding. (*Iskanian, supra*, 59 Cal.4th at p. 377.)

*D. Analysis*

Here, substantial evidence supports the trial court's implicit findings that defendants unreasonably delayed their motion to compel arbitration and that the delay caused sufficient prejudice to Mai in the form of substantial expense. Defendants pursued litigation during the nine months between Mai's service of summonses and their first communication of an intent to arbitrate. Defendants justified their right to arbitration on their retainer contract with Mai, a document they had no reasonable justification to be ignorant of during those months. During their silence on their own arbitration clause, defendants sought multiple court orders on the substantive merits of Mai's claim and twice responded to Mai's discovery production requests — without mentioning arbitration or identifying the contract — in a manner that led to the court ordering further responses be provided. The totality of these circumstances support implied findings of unreasonable and unjustified delay.

On the expense caused by the delay, a sufficient ground for reasonable inferences amounting to substantial expense is shown by Mai's counsel's declaration submitted in support of Mai's successful discovery motion. (See *Schreiber v. City of Los Angeles* (2021) 69 Cal.App.5th 549, 559 ["We review the entire administrative record for substantial evidence, including documents 'not directly introduced or discussed at the administrative hearing nor specifically referenced in the final statement of decision.' [Citation.]"].) According to the declaration, Mai's counsel spent a minimum of three hours on the discovery issue, working at a rate of $495 an hour, and paid a filing fee for the motion. This was an example of expense incurred in one instance of defendants' dilatory conduct. (See *Christensen, supra*, 33 Cal.3d at p. 784 [noting, in discussing evidence of prejudice there, that underlying 1980 lawsuit resulted in "nearly $300 in court costs and over $2,000 in attorney's fees" incurred motion by party resisting arbitration].) The record supports reasonable inferences that similar expenses were incurred when Mai responded to defendants' litigation filings, such as their demurrer and

13

motion to strike with request for judicial notice. In other words, the record, not briefed by defendants, contains substantial evidence supporting the trial court's implied finding of substantial expense incurred by Mai because of defendants' unreasonable delay. (See *Iskanian, supra*, 59 Cal.4th at p. 377.)

We hold substantial evidence supports the trial court's implicit finding of prejudice to Mai based on implicit findings that defendants unreasonably delayed their motion to compel arbitration and that their pre-motion conduct caused Mai substantial expense. (*Iskanian, supra*, 59 Cal.4th at p. 377.) It was not error as a matter of law for the court to implicitly conclude that granting defendants' motion would have undermined California's public policy to favor arbitration as a speedy and relatively inexpensive means of dispute resolution or substantially impaired Mai's ability to take advantage of the benefits and efficiencies of arbitration. (*Id.* at p. 377.)

## E. Defendants' Appellate Burden

Defendants have not carried their burden to demonstrate error under the substantial evidence standard of review. Most fundamentally, they have failed to fairly summarize the evidence that was before the trial court for its waiver decision and so cannot carry their burden to demonstrate insufficient evidence. (*Boeken v. Philip Morris, Inc.* (2005) 127 Cal.App.4th 1640, 1658 [appellant's "burden to provide a fair summary of the evidence 'grows with the complexity of the record [citation.]'"].)

Notwithstanding, we also note the record does not compel a conclusion there was insufficient evidence of waiver. The record clearly shows substantial evidence of at least three factors endorsed in *St. Agnes Medical Center*, quoted *infra*, supporting the trial court's waiver finding: defendants' motion actions were inconsistent with the right to arbitrate; defendants delayed their request for arbitration enforcement after a long period of time; and defendants filed a counter-claim without asking for a stay of proceedings. (See *St. Agnes Medical Center, supra*, 31 Cal.4th at p. 1196 [factors 1, 3,

14

and 4 quoted from *Sobremonte, supra*, 61 Cal.App.4th at p. 992].) Of the remaining endorsed factors, none clearly supports defendants' argument to compel a reversal in this matter. (See, e.g., *Lewis, supra*, 205 Cal.App.4th at p. 453 [citing examples of waiver finding affirmances where no trial date was set].)

Defendants present no case postdating *St. Agnes Medical Center*, let alone any discussion of why our reasoning in *Burton* or *Lewis* are not apt for this appeal. Defendants unpersuasively claim that, if the trial court had correctly applied *St. Agnes Medical Center* and *Sobremonte*, it would have ruled to grant defendants' arbitration motion. *St. Agnes Medical Center* is factually inapt because that case involved the Federal Arbitration Act (*St. Agnes Medical Center, supra*, 31 Cal.4th at p. 1194), parties who litigated both and nonarbitrable claims (see *id.* at p. 1202), and did not involve a question of whether a delay was reasonable or unreasonable (see *id.* at pp. 1203-1205).

Although *Sobremonte* is more factually analogous to this appeal than *St. Agnes Medical Center*, the result in *Sobremonte* does not support defendants' position here. In that case, the trial court granted a defendant's motion to compel arbitration but the appellate court granted a writ petition reversing the result, concluding there was "no substantial evidence to support the trial court's determination that the [defendant] had not waived its right to arbitration." (*Sobremonte, supra*, 61 Cal.App.4th at p. 998.)

Defendants characterize as key in the *Sobremonte* appellate court's discussion a point that prejudice was caused to that plaintiff (who resisted arbitration) when "'defendants used the discovery processes of the court to gain information about plaintiff's case which defendants could not have gained in arbitration." [Citations.]' (*Sobremonte, supra*, 61 Cal.App.4th at p. 996) This concept of showing unfairly gained information was central in *Groom v. Health Net* (2000) 82 Cal.App.4th 1189 (*Groom*), an opinion cited by the California Supreme Court as an analytical example of "excluding time and expense from the calculus of prejudice." (*Iskanian, supra*, 59 Cal.4th at p. 377; referencing *Groom, supra*, 82 Cal.App.4th at p. 1197 ["Because merely participating in

15

litigation, by itself, does not result in a waiver, courts will not find prejudice where the party opposing arbitration shows only that it incurred court costs and legal expenses"].) (*St. Agnes Medical Center, supra*, 31 Cal.4th at p. 1203.)

Our opinions in *Lewis* and *Burton* explicitly contrasted our view on arbitration-specific waiver from *Groom* (see *Burton, supra*, 190 Cal.App.4th at 948 ["In *St. Agnes* [*Medical Center*], the Supreme Court cited both *Groom* and *Sobremonte* as opposite extremes of the same continuum for finding prejudice"]; *Lewis, supra*, 205 Cal.App.4th at p. 451 ["We again decline to apply *Groom*"].) We maintain our difference here and note we are not the only court to consider defendants' asserted point. For example, the appellate court in *Bower v. Inter-Con Security Systems, Inc.* (2014) 232 Cal.App.4th 1035, 1048 expounded on the role of gained tactical advantage as follows: "In the course of its analysis, the [*Iskanian*] court harmonized case law that takes different approaches to the issue of whether time and expense incurred by a party opposing arbitration can be sufficiently prejudicial by itself to justify a waiver of the right to arbitrate, even without a showing that the party seeking arbitration gained some unfair advantage in the arbitration as a result of its conduct. The distinction in the case law turns on whether any delay in seeking arbitration is *reasonable*."

We do not read *Iskanian* or *St. Agnes Medical Center* as compelling us to adopt a restrictive view of prejudice where unreasonable delay is supported by the record, as in this case. Defendants do not cite to *Iskanian*, *Lewis*, *Burton*, or *Groom* to discuss whether the pre-motion history here should compel a reversal under this matter's particular circumstances. (See *Cahill v. San Diego Gas & Electric Co.* (2011) 194 Cal.App.4th 939, 956 ["'[w]e are not bound to develop appellants' arguments for them' [Citations.]"].) In sum, defendants have not carried their burden to demonstrate the court's waiver finding was erroneous as a matter of law.

## DISPOSITION

The order denying appellants' motion to compel arbitration is affirmed. Respondent is entitled to his costs on appeal.


DELANEY, J.

WE CONCUR:


BEDSWORTH, ACTING P. J.


SANCHEZ, J.